563 A.2d 515

**COMMONWEALTH of Pennsylvania**

v.

**Kerry CAMBRIDGE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1989.

Filed Aug. 29, 1989.

Douglas M. Johnson, Asst. Public Defender, Souderton, for appellant.

Thomas E. Waters, Jr., Dist. Atty., Blue Bell, for Com., appellee.

Before DEL SOLE, TAMILIA and CERCONE, JJ.

CERCONE, Judge:

This is a direct appeal from the judgment of sentence entered April 8, 1988 in the Court of Common Pleas of Montgomery County, Criminal Division. For the reasons enumerated below, we affirm.

The events underlying the instant appeal occurred August 10, 1986, when two men robbed two other men at a

SEPTA bus stop located in Montgomery County. Appellant, Kerry Cambridge, along with his neighbor and frequent associate, Charles Haines, were subsequently arrested and tried for the robberies. A jury found appellant guilty of robbery,[1] criminal conspiracy,[2] and possession of an instrument of crime.[3] Post-verdict motions were timely filed and duly denied after argument.

Appellant was then sentenced to serve between five (5) and ten (10) years incarceration for the robbery. The lower court imposed a five (5) year term of probation on the conviction for criminal conspiracy which was to run consecutively to the term of incarceration. Appellant also received a sentence of two (2) years probation for possessing an instrument of crime which was to run concurrently with the probation imposed for conspiracy. Appellant next filed the instant timely appeal in which he raises two questions for our consideration: (1) whether the lower court erred by permitting a hypothetical question to be asked and answered; and (2) whether the lower court erred by admitting into evidence a photographic array consisting of eight police "mug shots" which included a photograph of appellant.

Appellant's first contention is that the following exchange between the prosecutor and one of the victims of the robbery was improperly admitted into evidence:

BY THE PROSECUTOR:

Q. Now, Mr. Green, I want to draw your attention back, again, to the incident in the early morning hours of August 10th.

A. Okay.

Q. Mr. Green, based only on what you saw that morning—for the moment, set aside the pictures—only on what you saw that morning, are you able to tell us whether or not, for sure, the person who robbed you that night is in the courtroom now?

1. 18 Pa.C.S.A. § 3701.
2. *Id.* § 903.
3. *Id.* § 907.

A. Yes.

(N.T. 5/20/87 at 133–134.) At trial, defense counsel objected to this line of questioning because, during the police investigation of the robbery, the witness had been exposed to a photographic array which included appellant's picture. Counsel claimed that as a result, the witness could not possibly be capable of separating the source of his identification. Appellant's claim on appeal, however, is somewhat different. Appellant maintains that this was an improper hypothetical question posed to an expert witness involving facts not in evidence. We disagree with appellant's interpretation of the Commonwealth's question.

Our scope of review on evidentiary questions is narrow as we are controlled by the discretion of the trial court and will reverse only for clear abuse of that discretion. *Commonwealth v. Cargo*, 498 Pa. 5, 15, 444 A.2d 639, 644 (1982); *Commonwealth v. Scott*, 469 Pa. 258, 270, 365 A.2d 140, 146 (1976). Evidence is generally admissible if it is relevant and competent. *Commonwealth v. Hudson*, 489 Pa. 620, 414 A.2d 1381 (1980). Evidence is relevant if it tends to establish a material fact in a criminal prosecution or tends to make a fact at issue more or less possible. *Commonwealth v. Brown*, 489 Pa. 285, 414 A.2d 70 (1980). Relevant evidence is admissible if its probative value outweighs its prejudicial impact. *Commonwealth v. Shain*, 324 Pa.Super. 456, 462–463, 471 A.2d 1246, 1249 (1984).

■ Our inspection of the record indicates that the reliability of Mr. Green's identification of appellant was a major element of the defense strategy pursued by appellant at trial. Thus, the question of whether Mr. Green was able to identify appellant as a result of the incident itself, or only from having viewed a photographic array, was relevant and probative to the defense strategy. Mr. Green was an eyewitness to a robbery, and was himself a victim; he was not in fact testifying as an expert witness. Rather he was testifying as the only competent witness on the subject of the source of his identification of appellant as the assailant who robbed him. We find no clear abuse of discretion in the trial court's decision to admit this evidence.

■ Appellant next contends that the trial court erred by admitting into evidence a photographic array consisting of eight police "mugshots" which included a photograph of appellant. The gravamen of appellant's complaint is that use of "mugshots" in the photographic array stripped him of the presumption of innocence by conveying the impression that appellant engaged in prior criminal activity. We note initially that in Pennsylvania there is no per se rule against the use of "mugshots" as a method of identification. *Commonwealth v. Brown,* 511 Pa. 155, 160, 512 A.2d 596, 598 (1986) (concurring opinion filed by Hutchinson, J.; Larsen, J. concurred in the result; Flaherty, J. filed a dissenting opinion in which Nix, C.J. and Zappala, J., joined); *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972). The use of any photograph during an identification procedure must be analyzed under the facts and circumstances of each particular case. *Commonwealth v. Brown, supra;* [4] *Commonwealth v. Allen, supra.* In order to determine if an accused has been unfairly prejudiced through the use of photographs, the appropriate question to ask is whether the jury could reasonably infer from the facts presented that an accused had engaged in prior criminal activity. *Commonwealth v. Allen, supra,* 448 Pa. at 181, 292 A.2d at 375.

■ Our inspection of the record has not disclosed, nor has appellant indicated, any instance in which the photographs in question were referred to as "mugshots" within the hearing of the jury. The record reveals that the constituent elements of the array were consistently described as "photographs." Further, the photographic array in question was never shown to the jury. Finally, the trial court issued the following cautionary instruction to the jury:

Ladies and gentlemen, right before we took this brief recess, you had heard testimony with respect to photo-

---

**4.** Contrary to appellant's implication, Justice Hutchinson's concurring opinion in *Commonwealth v. Brown* did not disagree with Justice McDermott's opinion announcing the judgment of the court on the issue of whether there is a per se rule excluding "mugshots" from use in identifying an accused. Nor did Justice Hutchinson contend that the use of photographs during an identification procedure should not be analyzed under the facts of each particular case.

graphs that were shown to, I believe, if I recall the testimony, it was to both of the eyewitnesses—although, it's up to you to recall the testimony—and there is an instruction I want to give you with respect to these photographs.

Merely because one's photograph is in the possession of the police, does not prove or even suggest a prior conviction or a previous conviction by that person, or that that particular person has been charged with a crime previously, or that that particular person has even been involved in criminal activity. The fact that the police have photographs in their possession, can be equally consistent with innocence. The reason the police had the [appellant's] photo in this case is not known. It has no bearing on the issues before you, and you must not concern yourselves with that reason, whatever it was.

(N.T. 5/21/87 at 221.) Under these circumstances, we see no basis on which the jury could have inferred prior criminal activity on the part of appellant. Thus, we see no indication that the presumption of innocence in favor of appellant was violated. Finding no clear abuse of discretion on the part of the trial court in admitting this evidence, we affirm on this issue.

Judgement of sentence affirmed.