FORD ELLIOTT, Judge:
 

 This is a direct appeal from a judgment of sentence entered on January 11, 1990, in the Court of Common Pleas of Allegheny County. Appellant was convicted of robbery and criminal conspiracy and sentenced to a term of five to ten years imprisonment. Appellant alleges several claims of ineffective assistance of his trial counsel. Based upon our review of the record, we must vacate the judgment of sentence and remand for resentencing consistent with this Opinion.
 

 On April 20, 1989, appellant was charged with one count of robbery and one count of criminal conspiracy. Pursuant to a defense request, appellant participated in a lineup on June 22, 1989. Following the denial of several pretrial motions, some of which were filed
 
 pro se,
 
 appellant proceeded to a jury trial before the Honorable Walter R. Little on November 8, 1989. At trial, appellant was represented by a
 
 *12
 
 public defender. Appellant was convicted of both charges on November 9, 1989. Counselled timely post-trial motions were filed and denied following a hearing on January 11, 1990. Previous to the hearing the Commonwealth had filed a Notice of Intention to Proceed under 42 Pa.C.S. § 9712 on January 4, 1990. Appellant filed a
 
 pro se
 
 motion to modify his sentence on January 12, 1990, but was denied relief by the trial court on January 18, 1990. Appellant filed his timely notice of appeal to this court on February 12, 1990.
 

 On March 1, 1990, the trial court ordered appellant to file a concise statement of the matters complained of on appeal pursuant to Pa.R.A.P.1925. Counsel complied with the trial court order on March 30, 1990. The trial court filed its opinion addressing appellant’s matters on July 3, 1990. On appeal, appellant is represented by the Office of the Public Defender, which filed a brief with this court on October 3, 1990. Appellant filed a supplemental
 
 pro se
 
 brief on January 2, 1991. Upon review of the
 
 pro se
 
 brief, appellant’s counsel filed a petition to remand for the appointment of new appellate counsel on February 20, 1991, and this petition is presently before this panel.
 

 The trial court has summarized the following facts established at trial.
 

 On or about April 11, 1989, Defendant Albert Lawrence and an unidentified black accomplice entered the business premise of Ja-Kays Beer Distributors located at 4235 Murray Avenue in the Squirrel Hill section of Pittsburgh. It was approximately 9:40 in the evening, and the Defendant sat on a stool in front of the counter behind which the victim, Sherry Stoernell, was working. The Defendant handed the victim a bag and issued instructions to fill it with money. After complying with the Defendant’s instructions, the victim was told to get down on the floor, while the Defendant and his accomplice made their departure with $273 from Ja-Kays Beer Distributor.
 

 Trial court opinion, 7/3/90 at 2.
 

 Appellant has raised the following issues in the counselled brief for our review:
 

 
 *13
 
 I. Was defense counsel ineffective for not taking steps to prevent the violation of the presumption of innocence in favor of Mr. Lawrence?
 

 A. Could the jury reasonably conclude from the evidence presented that Mr. Lawrence had engaged in prior criminal activity?
 

 B. Was defense counsel ineffective for not requesting a mistrial, for withdrawing his objection to the submission of the photo array to the jury, and for withdrawing his request for a limiting instruction?
 

 II. Was defense counsel ineffective for not filing post-trial motions alleging that the evidence was insufficient to establish the applicability of 42 Pa.C.S. § 9712?
 

 A. Does the evidence prove that a firearm was “visibly possessed” by the defendant or his accomplice during the offense?
 

 B. Was defense counsel ineffective for not objecting to or filing post-trial motions on the imposition of the mandatory sentence?
 

 Initially, we need to address counsel’s petition to remand for the appointment of new appellate counsel in light of appellant’s allegation of counsel’s ineffectiveness on appeal. Appellant filed a
 
 pro se
 
 appellate brief on January 2, 1991. The
 
 pro se
 
 brief was forwarded by the prothonotary to appellate counsel for review in compliance with
 
 Commonwealth v. Ellis,
 
 398 Pa.Super. 538, 581 A.2d 595 (1990). Following review, counsel filed a petition on February 20, 1991, stating that the issues presented in the
 
 pro se
 
 brief were meritless, but that the
 
 pro se
 
 had alleged ineffective assistance of appellate counsel for not raising those issues; therefore, a remand is necessary for the appointment of new appellate counsel.
 
 See Commonwealth v. Ellis, supra.
 

 Although in
 
 Ellis
 
 we established a procedure which requires counsel to petition this court for a remand to the trial court for the appointment of new appellate counsel when the client alleges counsel’s ineffectiveness on appeal,
 
 *14
 
 such a procedure was not meant to conflict with the standards enunciated by the supreme court in
 
 Commonwealth v. McBee,
 
 513 Pa. 255, 520 A.2d 10 (1986). In
 
 McBee,
 
 the supreme court held:
 

 [w]hen appellate counsel asserts a claim of his or her own ineffective assistance of counsel on direct appeal, the case should be remanded for the appointment of new counsel
 
 except
 
 (1) where, it is clear from the record that counsel was ineffective or (2) where it is clear from the record that the ineffectiveness claim is meritless.
 

 Commonwealth v. McBee, supra,
 
 513 Pa. at 261, 520 A.2d at 13. We see no reason why the
 
 McBee
 
 standard should not be applicable equally to instances where a
 
 pro se
 
 is alleging ineffective assistance of appellate counsel. Although counsel may be required to petition this court so as to insure that the ineffectiveness claims are presented, any grant of such a petition must be premised on the
 
 McBee
 
 standard. To do otherwise, would allow a
 
 pro se
 
 to make a mere assertion of ineffective assistance of appellate counsel so as to require the automatic remand for new appointed counsel. Such a practice would create administrative burdens and judicial delays similar to those we painstakingly sought to alleviate in
 
 Ellis,
 
 and clearly would undermine the very holding of that case. Therefore, in accordance with
 
 Ellis
 
 and
 
 McBee,
 
 appointed counsel, upon review of the
 
 pro se
 
 allegations of ineffectiveness should petition this court for a remand, citing the client’s allegations of ineffectiveness. However, it is this court which will thereafter decide upon a review of the record whether a remand is in fact required. We find this procedure consistent with
 
 McBee
 
 and
 
 Ellis
 
 and emphasize that it is not the
 
 pro se
 
 allegations of ineffectiveness which we will review, but rather counsel’s petition for remand filed pursuant to representation of appellant. Consequently, upon our review of the instant record, we cannot deem appellate counsel’s stewardship ineffective in this matter; therefore, the petition to remand for the appointment of new appellate counsel
 
 *15
 
 is denied. Thus, we will review appellate counsel’s brief in this instance.
 
 Commonwealth v. Ellis, supra.
 

 Initially, appellant argues that Officer Mitchell’s testimony at trial regarding appellant’s photograph and his Pittsburgh identification number was sufficient to suggest to the jury that appellant had engaged in prior criminal activity. The testimony to which appellant objects occurred during an exchange between the prosecutor and Officer Mitchell.
 

 [BY MR. DUTKOWSKI:]
 

 Q. Okay, and what did you do as a result of seeing and interviewing Mr. DeMarco?
 

 [BY DETECTIVE MITCHELL:]
 

 A. I knew at that time he couldn’t have committed the robbery.
 

 Q. Okay, so what did you do, then?
 

 A. So a couple of days later, I put together another photo array.
 

 Q. Okay, I’m going to show you what’s been marked as Commonwealth Exhibit 2, do you recognize this, a series of seven photographs?
 

 A. Yes, I do.
 

 Q. Is that the second photo array that you put together after seeing and speaking with Mr. DeMarco?
 

 A. Yes I did.
 

 Q. And what did you do with those photographs?
 

 A. Which ones?
 

 Q. Commonwealth Exhibit No. 2, what did you do with those?
 

 A. I took those to Mrs. Stoernell on April 18th, on Tuesday, April the 18th, and I showed her, she viewed the photos. After viewing the photos, she positively identified Pittsburgh ID 99047, that belonging to a one Albert Lawrence.
 

 Notes of Testimony, 11/8/89 at 68.
 

 In
 
 Commonwealth v. Allen,
 
 448 Pa. 177, 292 A.2d 373 (1972), the supreme court held that not every testimonial
 
 *16
 
 reference to a photographic identification of an accused is
 
 per se
 
 prejudicial; thereby, requiring a new trial. In
 
 Allen
 
 the court held “that after the reference to a photograph the controlling question is whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity.”
 
 Id.,
 
 448 Pa. at 181, 292 A.2d at 375;
 
 see also Commonwealth v. Reiss,
 
 503 Pa. 45, 468 A.2d 451 (1983). The
 
 Allen
 
 court also stated that “a mere passing reference to photographs from which a reasonable inference of prior criminal activity cannot properly be drawn does not invalidate the proceedings since there has been no prejudice as a result of the reference____”
 
 Id.
 
 The supreme court delineated further on this issue in
 
 Commonwealth v. Brown,
 
 511 Pa. 155, 161, 512 A.2d 596, 599 (1986) (plurality) (concurring opinion filed by Hutchinson, J.; Larsen, J. concurred in the result; Flaherty, J. filed a dissenting opinion in which Nix, C.J. and Zappala, J., joined) by stating:
 

 ... the possession by the police of one’s photo does not ineluctably prove a previous
 
 conviction.
 
 At the most it proves only that the police had a photo of the defendant on file.
 

 When an identification is made from police photo files, the photos become an integral and inseparable part of the evidence. When the initial identification is challenged at trial and their reliability and fairness put to question, they become evidence subject to examination by the jury. At that time it is difficult, if not impossible, consistent with the truth, to shield the fact that a defendant’s picture was obviously on file prior to his identification. Even when the file photos are not challenged and the photos are not shown to the jury, but somehow they have been alluded to during the course of the trial, it is a small deduction to conclude that for some reason the defendant had prior police contact of some kind. However, as we emphasized above, prior contact with the police in itself proves nothing. It does not prove a prior record or previous crime, it only proves a previous contact.
 
 *17
 
 Police photo files are an essential, elemental, absolute necessity for the detection of crime and the safety of the public. They are not a secret, they have existed since photography. That they exist and are used on a 24 hour basis, and are a tool of identification in almost every case where the perpetrator is not personally known to a victim, is common everyday knowledge. To
 
 obviate
 
 their use upon the ground that they are a possible source of prejudice is far too large a step in this mobile world of quick and easy escape.
 

 Emphasis in original. Finally, in
 
 Commonwealth v. Cambridge,
 
 386 Pa.Super. 542, 546, 563 A.2d 515, 517 (1989), citing
 
 Brown
 
 and
 
 Allen,
 
 we held that “in Pennsylvania there is no per se rule against the use of ‘mugshots’ as a method of identification.”
 

 Instantly, appellant argues that although the photograph was not referred to as a “mugshot,” the jury reasonably could have inferred from the surrounding circumstances that it was in fact a mugshot. We disagree. Our review of the record reveals that even though Officer Mitchell referred to appellant’s Pittsburgh identification number, there was no testimony in regard as to how the photo became part of the police files nor to any prior criminal conduct on behalf of appellant. Although no testimony existed to explain police possession of the photo, the most that could be inferred from such a reference was that appellant had had prior contact with the police and not a prior record or a previous conviction. Accordingly, we do not believe that appellant was prejudiced in this matter.
 
 See Commonwealth v. Brown, supra; Commonwealth v. Cambridge, supra.
 

 Moreover, appellant contends that he was prejudiced when the photo array, which included his photograph, was shown to the jury. In
 
 Commonwealth v. Brown, supra,
 
 511 Pa. at 161-62, 512 A.2d at 599-60, a case wherein the Commonwealth displayed a photo array including the accused to the jury, the supreme court stated:
 

 
 *18
 
 [h]ence, neither a reference nor an argument may be made from the existence of police photo files that indicate that they imply or suggest a previous record of conviction. Where used in evidence the court shall charge the jury, when requested by a defendant, that because one’s photo is in the possession of the police does not prove a previous conviction, and suggests no more than that there was a previous police contact, the reason for which, is not known and has no bearing on the issues before them. If we indulge the view that jurors cannot or will not follow the law, we are left with nothing.
 

 Consequently, appellant’s argument regarding the displaying of the photo array to the jury is meritless as well as his allegations that his trial counsel was ineffective for failing to request a mistrial following Officer Mitchell’s remark, and withdrawing his objection to showing the photo array to the jury.
 
 See Commonwealth v. Durst,
 
 522 Pa. 2, 559 A.2d 504 (1989) (counsel cannot be deemed ineffective for failing to raise a baseless claim).
 

 Appellant’s alternative argument concerning the photo array is that trial counsel was ineffective for withdrawing his request for the trial court to give a cautionary instruction in this matter. In
 
 Commonwealth v. Pierce,
 
 515 Pa. 153, 527 A.2d 973 (1987), our supreme court set forth the requisite factors that a party must establish in order to prevail on a claim of ineffectiveness. They are: (1) the present claim is of arguable merit; (2) there was no reasonable basis for not pursuing that claim; and, (3) appellant was prejudiced by counsel’s actions.
 
 Commonwealth v. Pierce, supra.
 

 In
 
 Commonwealth v. Brown, supra,
 
 the supreme court held that when a photo array is used in evidence, the trial court, upon a defense request, shall give a cautionary instruction to the jury informing them that police possession of the defendant’s photograph suggests nothing more than a prior police contact with the defendant.
 

 Also, in
 
 Commonwealth v. Cambridge, supra,
 
 we affirmed the judgment of sentence where a photo array,
 
 *19
 
 which included a photo of the accused, was admitted into evidence, but never shown to the jury, all references to the pertinent array described them as photographs, and a cautionary instruction was given to the jury dismissing any possible link between appellant’s prior involvement in criminal activity and the present police possession of his photograph. Given these cases, it appears that appellant has established a claim which is at least of arguable merit.
 
 Commonwealth v. Pierce, supra.
 

 Next, appellant argues that there was no reasonable basis for not pursuing that claim. Specifically, appellant argues that trial counsel had no reasonable basis for failing to attempt to cure the prejudice that resulted from Officer Mitchell’s testimony and the jury’s viewing of the photo array.
 

 “A decision by counsel not to take a particular action does not constitute ineffective assistance if that decision was reasonably based, and was not the result of sloth or ignorance of available alternatives.”
 
 Commonwealth v. Collins,
 
 519 Pa. 58, 66, 545 A.2d 882, 886 (1988). Also, a “remand is
 
 not
 
 required where an adequate record exists [to determine whether counsel could have had a rational basis for his actions] or if it is apparent from the record that trial counsel’s contested actions were ‘within the realm of trial tactics or strategy.’ ”
 
 Commonwealth v. Lott,
 
 398 Pa.Super. 573, 579, 581 A.2d 612, 615 (1990) quoting
 
 Commonwealth v. Turner,
 
 469 Pa. 319, 324, 365 A.2d 847, 849 (1976). We believe that the record in the instant case is sufficient to facilitate our review of the basis upon which counsel withdrew his request for a cautionary jury instruction.
 

 After the trial court granted the Commonwealth’s request to display the photo array to the jury, the following exchange occurred.
 

 MR. HOUCK: Now, with response to the photographs, I would object to them as being prejudicial but if in the judge’s discretion he wants to pass them out to as [sic]
 
 *20
 
 the jury, then I would ask for an instruction which is set forth in that Commonwealth against Cambridge case.
 

 THE COURT: I think that instruction is true on anything, it would be more than beneficial to you not to give that cautionary instruction. Cautionary instruction would indicate that there’s some problem.
 

 MR. HOUCK: Well, we have no problem hearing that, the district attorney has never referred to them as mug shots, if you remember, fortunately, that’s never come out.
 

 THE COURT: The instruction in the Cambridge case asks — you can’t draw an inference there’s a prior conviction. My indication to them there’s no prior conviction is, in effect, there must be some conviction here. There’s no reasonable interpretation. If you want it, I’ll give it.
 

 MR. HOUCK: That could be very well be a reasonable interpretation.
 

 MR. DUTKOWSKI: I suppose if the Court—
 

 THE COURT: I’ll give it.
 

 MR. DUTKOWSKI: I suppose if the Court substituted instead of prior conviction, you know, conviction, I suppose prior criminal conduct.
 

 THE COURT: That only leads to pertaining to the defendant. If you want it, I’ll give the cautionary instruction.
 

 MR. HOUCK: Let me ask you, Judge, do you plan on circulating it?
 

 THE COURT: I’ll send it out.
 

 MR. HOUCK: That will be all right.
 

 THE COURT: If you want the cautionary instruction, I’ll give it.
 

 MR. HOUCK: I’ll withdraw the request.
 

 N.T., 11/9/89 at 126-128. We believe that it is clear from the record that trial counsel withdrew his request for a cautionary jury instruction based upon a reasonable belief that the instruction itself may have highlighted an inference of prior criminal conduct on behalf of appellant. Given that counsel was aware of the jury instruction and had a reason
 
 *21
 
 able basis for withdrawing his request, we will not substitute our judgment as to which of the various alternatives would have promoted counsel’s client’s interests more effectively.
 
 Commonwealth v. Collins, supra.
 
 Appellant has not met his burden of establishing that counsel’s actions had no reasonable basis designed to effectuate his interests. Appellant’s claim of ineffective assistance must fail.
 
 [1]
 

 Finally, appellant contends that trial counsel was ineffective for failing to object to the trial court’s application of 42 Pa.C.S. § 9712 during his sentencing. Section 9712 of the Sentencing Code mandates that a minimum sentence of five years total confinement be imposed when it is proved by a preponderance of the evidence that a person who has been convicted of a robbery visibly possessed a firearm during the commission of that robbery. 42 Pa.C.S. § 9712. Moreover, 42 Pa.C.S. § 9712 is applicable equally to unarmed accomplices when the Commonwealth proves by a preponderance of the evidence that the unarmed accomplice knew that the firearm was possessed visibly by his co-felon during the commission of the crime.
 
 Commonwealth v. Williams,
 
 353 Pa.Super. 312, 509 A.2d 1292 (1986).
 

 A careful review of the record reveals that at no time did the victim see appellant or his accomplice visibly possess a firearm. In fact, the victim specifically testified that she did not know if a weapon was involved at all in the incident. Given the evidence adduced at trial, the trial court erred in sentencing appellant under 42 Pa.C.S. § 9712, and trial counsel was ineffective for failing to object to this trial
 
 *22
 
 court error.
 
 See
 
 42 Pa.C.S. § 9712;
 
 Commonwealth v. Pierce, supra.
 
 Accordingly, we vacate appellant’s sentence under 42 Pa.C.S. § 9712 and remand for resentencing consistent with this Opinion.
 

 Judgment of sentence vacated. Case remanded for resentencing consistent with this Opinion. Petition for remand for the appointment of new appellate counsel is denied. Jurisdiction relinquished.
 

 [1]
 

 . In the alternative, appellant has failed to demonstrate how he was prejudiced by counsel’s actions in this matter. In the context of an ineffective assistance of counsel claim, prejudice “is determined by an evaluation of whether 'but for the arguably ineffective act or omission there is a reasonable probability that the result would have been different.’”
 
 Commonwealth v. Lott, supra,
 
 398 Pa.Super. at 580, 581 A.2d at 616 quoting
 
 Commonwealth v. Petras,
 
 368 Pa.Super. 372, 376, 534 A.2d 483, 485 (1987). Instantly, appellant was identified by the victim in a defense requested lineup and in open court as one of the two men who had robbed her. Given the evidence established against him at trial, appellant has failed to demonstrate how the result would have been any different. Accordingly, appellant has failed to establish trial counsel’s ineffectiveness in this context.