Justice CASTILLE joins this dissenting opinion.

COMMONWEALTH of Pennsylvania, Appellee,

v.

Brian GALLMAN, Appellant.

Superior Court of Pennsylvania.

Submitted June 30, 2003.
Filed Dec. 5, 2003.

---

**7.** Our decision in *Hatchard v. Westinghouse Broadcasting Co.*, 516 Pa. 184, 532 A.2d 346 (1987), also illustrates my point. In that case, we held that "unpublished documentary information gathered by a television station is discoverable by a plaintiff in a libel action to the extent that the documentary information does not reveal the identity of a personal source of information or may be redacted to eliminate the revelation of a personal source of information." *Id.* at 348–49, 350–51. If *Taylor*, as written, stands for the proposition the majority ascribes to it, we would have based our decision in *Hatchard* on *Taylor*.

However, we did not. Instead, in *Hatchard*, we expressly recognized that *Taylor* was inapplicable and grounded our interpretation of the Shield Law in defamation cases on the "constitutionalization" of the area and the fact that the Pennsylvania Constitution expressly identifies reputation as a fundamental interest. *Id.* at 348.

**8.** Inasmuch as I would reverse the Superior Court's order on a statutory basis, I would not reach the issue raised under the First Amendment to the United States Constitution.

Daniel A. Rendine, Philadelphia, for appellant.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: FORD ELLIOTT, GRACI and POPOVICH, JJ.

GRACI, J.

¶ 1 Appellant, Brian Gallman ("Gallman"), appeals from an order entered in the Court of Common Pleas of Philadelphia County on November 19, 2002, denying his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. Also before this Court is an amended petition by Gallman's attorney to remand this matter to the PCRA court for further proceedings, as well as a *pro se* motion by Gallman for leave to file a reply to counsel's amended petition. Counsel's petition is hereby denied, as is Gallman's *pro se* motion. The order of the PCRA court denying relief is affirmed for the reasons set forth herein.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 The factual history of this case was aptly summarized by a previous panel of this Court:

On October 10, 1992, the victim was driving his jeep in the vicinity of the Chisholm Trail Bar at approximately 10:00 p.m. According to Shawn Casey (Casey), who was present at the scene, the following events occurred: [Gallman] and co-defendant Xzavier Vann (Vann) were standing together on the sidewalk. As the victim drove by, Vann shouted something which caused the victim to stop his jeep and approach [Gallman] and Vann. Words were exchanged for a few minutes, then the victim turned to walk back to his jeep. At that point Vann directed [Gallman] to "give it to

him", whereupon [Gallman] drew a gun from his jacket pocket and fired several shots at the victim. N.T., 3/6/96, at 135–36.

The victim had been shot three times, once each in the back, side, and arm. He managed to walk a few blocks before he fell. He was discovered several minutes later, still conscious but unable to speak, lying in a pile of sand at the roadside. The victim was then transported to the hospital where he subsequently died.

Approximately two weeks later, [Gallman] was arrested and admitted shooting the victim. [Gallman]'s version of the events were slightly different from that of Casey. [Gallman] claimed that he was walking home when he encountered a number of people arguing in the street. Although he saw the victim retrieve a gun from his parked jeep, [Gallman] proceeded forward. The victim then placed his gun back into the jeep. [Gallman] stated that someone, but not the victim, then fired a number of shots. [Gallman] then fired three shots at the victim from a distance of approximately three feet. [Gallman] admitted that he knew the victim was unarmed when he shot him.

*Commonwealth v. Gallman*, No. 02504 Philadelphia 1996, 704 A.2d 161, unpublished memorandum at 1–2 (Pa.Super. filed September 11, 1997) (footnotes omitted).

¶ 3 Gallman was convicted by a jury of first degree murder, 18 Pa.C.S.A. § 2502(a), and possessing an instrument of crime, 18 Pa.C.S.A. § 907(a). No post-trial motions were filed. On July 10, 1996, the trial court imposed a life sentence of imprisonment on the murder charge and a concurrent term of eleven and one-half to sixty months for the weapons offense.

Gallman filed a direct appeal on July 12, 1996 and appellate counsel was appointed shortly thereafter. On appeal, Gallman claimed that the Commonwealth failed to disclose certain prior statements made by a defense witness and that trial counsel had been ineffective for not raising an appropriate objection. Gallman also argued that trial counsel had been ineffective for failing to impeach Shawn Casey's credibility and for failing to object to certain comments made by the prosecutor during his closing summation. This Court, finding no merit to Gallman's claims, affirmed the judgment of sentence and our Supreme Court denied allowance of appeal on September 8, 1998. *Commonwealth v. Gallman,* 704 A.2d 161 (Pa.Super.1997) (unpublished memorandum), *appeal denied,* 556 Pa. 686, 727 A.2d 1117 (1998). Gallman did not file a petition for writ of certiorari with the United States Supreme Court, thereby making his judgment of sentence final on December 7, 1998.

¶ 4 Gallman filed a *pro se* PCRA petition on March 12, 2001, asserting claims of ineffective assistance of counsel, prosecuto-rial misconduct and violations of his constitutional rights and invoking, *inter alia,* sections 9543(a)(2)(i) and (ii) of the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(i), (ii).[1] Present counsel was appointed on May 18, 2001. In an amended PCRA petition filed on December 27, 2001, counsel raised, for the first time, the following single issue: that Gallman was entitled to a new trial based on after-discovered evidence consisting of statements made by one Maurice K. Stroman ("Stroman"). His amended petition sought relief under section 9543(a)(2)(vi) of the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(vi).[2] Attached to the amended petition was an affidavit signed by Stroman on July 8, 2001.[3] Stroman claimed that he was present on the night of the incident, had observed the victim place a gun in his jeep and, after the shooting, had removed the gun and some other items from the vehicle. Gallman argued that this allegedly exculpatory evidence would have changed the outcome of his trial because it supported his claim that he fired the fatal shots with the belief that the victim was about to retrieve a gun from his vehicle.

---

1. **(a) General rule.**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence . . . :

   . . .

   (2) That the conviction or sentence resulted from one or more of the following:
   
   (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
   
   (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
   
   . . .
   
   42 Pa.C.S.A. § 9543(a)(2).

2. Pursuant to section 9543(a)(2)(vi), a petitioner is eligible for post-conviction relief if he can plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi).

3. This document is entitled "Unsworn Declaration." It contains a written declaration that Stroman's statements were made subject to the penalties of 18 Pa.C.S. § 4904 ("Unsworn falsification to authorities"). Stroman's declaration is therefore the functional equivalent of an affidavit. *See, e.g.,* Pa. R.Crim.P. 574 (relating to motions) and 575 (relating to answers to motions) both of which require either an affidavit or a statement subject to the penalties of section 4904 when facts not otherwise appearing of record are pled in either motions or answers.

.

According to the amended petition, "[t]here has been no undue delay in filing this Petition which is premised on grounds which the petitioner could not have discovered by the exercise of reasonable diligence previously." Amended Petition, 12/27/01, at 2. The petition was silent as to exactly when and how Gallman learned of Stroman's account.

¶ 5 On January 30, 2002, Gallman, still represented by present counsel, filed a *pro se* amended PCRA petition. In this petition, Gallman claimed, *inter alia,* that he met Stroman in prison and, upon hearing Stroman's story, "immediately obtained an Affidavit from Mr. Stroman attesting the above[,][w]hich Defendant immediately forwarded to present PCRA counsel." *Pro Se* Amended Petition for Post–Conviction Relief, 1/30/02, at 17. The Commonwealth filed a motion to dismiss Gallman's PCRA petition as untimely and not eligible for any statutory exception. On October 10, 2002, the PCRA court filed notice of its intent to dismiss Gallman's petition pursuant to Pa.R.Crim.P. 907. Gallman did not respond and on November 19, 2002, his petition was formally dismissed without a hearing.

¶ 6 Gallman appealed from the denial of PCRA relief on November 27, 2002. In his statement of matters complained of on appeal, filed pursuant to Pa.R.A.P.1925(a), Gallman argued that "the [PCRA] Court erred in dismissing the petitioner's P.C.R.A. petition without a hearing and/or without creating substantive relief and since the P.C.R.A. petition was timely filed, after-discovered evidence alleged in the petition are within the parameters of 42 Pa.C.S.A. § 9542(a)(2)(vi)."[4] Rule 1925(b) Statement, 12/13/02. In its Rule

1925(a) opinion, the PCRA court explained that Gallman's petition was untimely and, moreover, did not qualify for the statutory exception to the PCRA's jurisdictional timeliness requirement for after-discovered evidence. *See* 42 Pa.C.S.A. § 9545(b). Specifically, the court noted that Gallman

did not attempt to allege in his petition when he first learned of the supposedly after acquired evidence. Moreover, [Gallman] has not shown that he filed his petition within 60 days of first discovering this evidence. Finally, [Gallman] does not demonstrate how he learned of this evidence. Consequently, [Gallman]'s claims are untimely, and thus, this Court lacks jurisdiction in this matter.

Even if this Court were to find that [Gallman]'s claims fall under the after acquired evidence exception, these claims still lack substantive merit. [Gallman] has not shown how the jailhouse witness's statement would have changed the outcome of the trial because of the other overwhelming evidence of guilt in this case. [Gallman] admitted that the decedent had put the gun back in the Jeep, and that he knew the victim was unarmed when [Gallman] fired the fatal gun shots. As a result, even if the jury were to believe that there was a gun in the Jeep, it would not negate the conviction because the victim was clearly unarmed when he was killed. Furthermore, the victim was shot from behind while he was walking back to his Jeep.

Memorandum Opinion, 1/22/03, at 5.

¶ 7 On March 7, 2003, counsel filed an appellate brief on Gallman's behalf arguing that Stroman's statement constituted after-discovered evidence within the purview

---

4. We presume that counsel made a typographical error and intended to cite to 42 Pa.C.S.A. § 9543(a)(2)(vi) (pertaining to "exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.").

of the PCRA. Counsel maintained that if Stroman removed a gun from the victim's jeep on the night of the incident then it supported Gallman's defense that the shooting was justified and that it would have rebutted the Commonwealth's evidence and argument at trial that no gun was found in the victim's car. Brief for Appellant, at 9–10. With respect to the issues of timeliness raised by the Commonwealth, and relied upon by the PCRA court in dismissing Gallman's petition, counsel averred generally that Stroman's statements "could not have been discovered prior to the conclusion of the trial as [Gallman] did not know that Stroman had taken the gun until recently." *Id.* at 10. Counsel made no attempt to plead or prove specifically that the underlying petition was eligible for an enumerated exception to the PCRA's one-year filing deadline.

¶ 8 While the present appeal was pending, Gallman filed a *pro se* Petition for Remand for Appointment of New Counsel on August 4, 2003. In his petition, Gallman raised the following issues:

A. [Whether] present counsel [was] ineffective for failing to argue that the victim exhibited the gun at one point during the incident[?]

B. [Whether] present counsel [was] ineffective for failing to present facts, and argue that Maurice Stroman's affidavit was presented to the court within sixt[y] days[?]

C. [Whether] present counsel [was] ineffective in failing to point-out, and argue that prior to the shooting[,] victim's accomplic[e], Jose Morales, was seen in possession of a gun[?]

Petition for Remand for Appointment of New Counsel in lieu of Present Counsel, 8/4/03, at 2–3. For the first time Gallman stated that he met Stroman sometime after May 16, 2001. *Id.* at 2–3. Gallman further alleged, as he did in his PCRA petition, that after he obtained Stroman's written declaration on July 8, 2001, he "immediately filed the same with the PCRA court [and] provided PCRA counsel with the circumstances in obtaining this new evidence/Affidavit." *Id.* at 3. Relying on *Commonwealth v. Ellis*, 398 Pa.Super. 538, 581 A.2d 595 (1990),[5] Gallman requested this Court to either remand for appointment of new counsel or consider his claims along with those raised in his counseled brief.

¶ 9 On August 11, 2003, we entered an order directing the Prothonotary to forward Gallman's *pro se* petition to counsel. We then directed counsel to petition this Court for remand and provide us with an evaluation of Gallman's ineffectiveness claims. *Commonwealth v. Gallman*, No. 3697 EDA 2002, per curiam order (Pa.Super. filed August 11, 2003). Counsel's responsive petition contained no legal analysis but simply requested this Court to remand the matter for a hearing regarding Gallman's desire to waive counsel and proceed *pro se*. Since counsel had failed to comply with our previous directive, we en-

---

5. In *Ellis*, this Court set forth its procedure for handling *pro se* filings by criminal defendants who are represented by counsel. With regard to the situation presented in the instant appeal, we held as follows: "If the *pro se* brief alleges ineffectiveness of appellate counsel or an affirmative desire to be heard *pro se*, we direct counsel to petition this court to remand the case to the trial court so that it may conduct a full hearing in order to deter-

mine appellant's knowing and intelligent waiver of his right to appellate counsel, and of his desire to proceed *pro se*, or in the case of ineffectiveness, an appointment of new appellate counsel." *Ellis*, 581 A.2d at 600–601. In *Commonwealth v. Lawrence*, 408 Pa.Super. 9, 596 A.2d 165 (1991), discussed more fully *infra*, this Court further explained and refined its holding in *Ellis*.

tered a second order directing counsel to amend his petition to include a proper evaluation of Gallman's *pro se* ineffectiveness claims. *Commonwealth v. Gallman,* No. 3697 EDA 2002, per curiam order (Pa.Super. filed August 21, 2003).

¶ 10 On September 22, 2003, counsel filed an Amended Petition for Remand in which he concluded that Gallman's ineffectiveness claims were without merit. Notwithstanding his conclusions, counsel maintains that we should remand for further proceedings regarding Gallman's desire to waive his right to counsel and proceed *pro se.* On October 9, 2003, Gallman filed a *pro se* Motion for Leave to File Pro Se Reply to Counsel's Amended Petition for Remand followed by a Supplemental Motion for Leave to File *Pro Se* Reply to PCRA Counsel's Amended Petition for Remand on 10/23/03. We shall, for the moment, reserve our discussion of the three outstanding motions and turn our attention to the PCRA court's denial of relief.

## II. DISCUSSION

¶ 11 The PCRA court concluded that Gallman's PCRA petition was untimely and denied relief, without a hearing, for lack of jurisdiction. In his counseled brief to this Court, Gallman raises the following issue: "Whether [Gallman] was entitled to a new trial and/or a hearing concerning his claims that the July 8, 2001 statement of a witness, Maurice K. Stroman[,] constituted after-discovered evidence within the purviews of the P.C.R.A.[?]" Brief for Appellant, at 3.

¶ 12 "[A]n appellate court's review of an order denying post conviction relief is limited to examining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free from legal error." *Commonwealth v. Vega,* 754 A.2d 714, 716 (Pa.Super.2000) (citation omitted). The timeliness requirements of the PCRA are well settled:

> **(b) Time for filing petition.—**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.
>
> · · ·

42 Pa.C.S.A. § 9545(b). "[T]he timeliness requirements of 42 Pa.C.S.A. § 9545(b) are jurisdictional in nature, and the courts lack jurisdiction to grant PCRA relief unless

the petitioner can plead and prove that one of the exceptions to the time bar applies." *Commonwealth v. Palmer,* 814 A.2d 700, 704–705 (Pa.Super.2002) (citation omitted). With respect to the PCRA's exception for after-discovered evidence, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame of subsection 9545(b)(1)(ii)." *Commonwealth v. Carr,* 768 A.2d 1164, 1167 (Pa.Super.2001) (citation omitted).

¶ 13 In the instant case, Gallman's conviction became final on December 7, 1998, after he had exhausted his direct appeal rights and elected not to file a petition for writ of certiorari with the United States Supreme Court. Thus, Gallman had until December 7, 1999, to file a timely PCRA petition. Gallman's *pro se* PCRA petition, filed on March 12, 2001, was clearly untimely.

¶ 14 Counsel's amended PCRA petition, dated December 27, 2001, attempted to invoke the statutory exception codified at 42 Pa.C.S.A. § 9545(b)(1)(ii) by arguing that the statements of Maurice K. Stroman constituted after-discovered evidence. The PCRA court considered and rejected this claim, finding that

[Gallman] did not attempt to allege in his petition when he first learned of the supposedly after acquired evidence. Moreover, [Gallman] has not shown that he filed his petition within 60 days of first discovering this evidence. Finally, [Gallman] does not demonstrate how he learned of this evidence. Consequently, [Gallman]'s claims are untimely and thus, this Court lacks jurisdiction in this matter.

Memorandum Opinion, 1/22/03, at 5. We have reviewed Gallman's amended PCRA petition, where he raised the Stroman statement for the first time, and agree with the PCRA court's findings, which are clearly supported by the record. Although Gallman averred generally that "[t]here has been no undue delay in filing this Petition which is premised on grounds which the petitioner could not have discovered by the exercise of reasonable diligence previously," Amended PCRA Petition, 12/27/01, at 2, Gallman made no attempt to sustain his burden of pleading and proving specific facts to demonstrate his eligibility for the timeliness exception found at § 9545(b)(1)(ii). Thus, since the record supports the determination of the PCRA court and its ruling was otherwise free of legal error, dismissal of the petition for lack of jurisdiction was proper.[6]

■■■ ¶ 15 While the present appeal was pending, Gallman filed a *pro se* petition for remand for appointment of new counsel, raising the following issues:

1. [Whether] present counsel [was] ineffective for failing to argue that the victim exhibited the gun at one point during the incident[?]

2. [Whether] present counsel [was] ineffective for failing to present facts, and argue that Maurice Stroman's affidavit was presented to the court within sixt[y] days[?]

3. [Whether] present counsel [was] ineffective in failing to point-out, and argue that prior to the shooting[,] victim's accomplic[e], Jose Morales, was seen in possession of a gun[?]

---

6. Even if the petition had set forth a proper offer of proof, the latest date on which the relevant time period would have commenced would have been July 8, 2001, when Stroman signed the affidavit. Gallman did not file his amended PCRA petition until December 27, 2001, well beyond the sixty day deadline. Thus, under any interpretation of the record, Gallman's after-discovered evidence claim was untimely.

Petition for Remand for Appointment of New Counsel in lieu of Present Counsel, 8/4/03, at 2–3.

¶ 16 We are mindful of recent decisions by this Court that address ineffectiveness claims lodged against PCRA counsel in a petitioner's appeal from the denial of post-conviction relief. When confronted with that situation, we have applied the following principles:

> In *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693, 700 (1998), our Supreme Court recognized that a PCRA petitioner's right to appointed counsel, guaranteed by Pennsylvania Rule of Criminal Procedure 904 (formerly 1504), requires "an enforceable right to effective post-conviction counsel." Therefore, PCRA counsel's assistance may be examined on appeal from the denial of PCRA relief. *Commonwealth v. Pursell*, 555 Pa. 233, 724 A.2d 293, 303 (1999). Claims of PCRA counsel's ineffectiveness must be raised at the first opportunity at which the defendant is represented by counsel other than the attorney whose effectiveness is challenged. *Id.* at 302.

*Commonwealth v. Lauro*, 819 A.2d 100, 108 (Pa.Super.2003), *appeal denied*, —— Pa. ——, 830 A.2d 975 (2003). *See also Commonwealth v. Malone*, 823 A.2d 931 (Pa.Super.2003) (same). Normally we would proceed to review the merits of Gallman's ineffectiveness claims since this appeal would appear to be Gallman's first and only opportunity to raise such claims, as was the case in *Lauro* and *Malone.*

¶ 17 The procedural posture of this case, however, triggers a different analysis. Gallman has raised his ineffectiveness claims via a *pro se* petition for remand, which he filed while still represented by the attorney whose performance is at issue. Although the posture of this case is different from *Lauro* and *Malone*, it is not without precedent. This Court has, in fact, set forth the following specific procedure for addressing such claims:

> Although in [*Commonwealth v.*] *Ellis*, [398 Pa.Super. 538, 581 A.2d 595 (1990)] we established a procedure which requires counsel to petition this court for a remand to the trial court for the appointment of new appellate counsel when the client alleges counsel's ineffectiveness on appeal, such a procedure was not meant to conflict with the standards enunciated by the [S]upreme [C]ourt in *Commonwealth v. McBee*, 513 Pa. 255, 520 A.2d 10 (1986). In *McBee*, the [S]upreme [C]ourt held:
>
> > [w]hen appellate counsel asserts a claim of his or her own ineffective assistance of counsel on direct appeal, the case should be remanded for the appointment of new counsel except (1) where, it is clear from the record that counsel was ineffective or (2) where it is clear from the record that the ineffectiveness claim is meritless.
>
> *Commonwealth v. McBee, supra*, 513 Pa. at 261, 520 A.2d at 13. We see no reason why the *McBee* standard should not be applicable equally to instances where a *pro se* is alleging ineffective assistance of appellate counsel. Although counsel may be required to petition this court so as to insure that the ineffectiveness claims are presented, any grant of such a petition must be premised on the *McBee* standard. To do otherwise, would allow a *pro se* to make a mere assertion of ineffective assistance of appellate counsel so as to require the automatic remand for new appointed counsel. Such a practice would create administrative burdens and judicial delays similar to those we painstakingly sought to alleviate in *Ellis,* and clearly would undermine the very holding of that case. Therefore, in accordance with *Ellis* and *McBee*, appointed counsel, upon review of the *pro se* allegations

of ineffectiveness should petition this court for a remand, citing the client's allegations of ineffectiveness. *However, it is this court which will thereafter decide upon a review of the record whether a remand is in fact required. We find this procedure consistent with McBee and Ellis and emphasize that it is not the pro se allegations of ineffectiveness which we will review, but rather counsel's petition for remand filed pursuant to representation of appellant.*

*Commonwealth v. Lawrence,* 408 Pa.Super. 9, 596 A.2d 165, 168 (1991) (emphasis added).

¶ 18 Pursuant to *Lawrence,* we have reviewed the record and, in consideration of the analysis set forth in counsel's petition for remand, note the following. Gallman's first *pro se* allegation of ineffectiveness is clearly without merit and does not warrant remand. Whether the victim exhibited a gun during the incident was, as counsel argues, "an issue for the finder of fact...." Amended Petition for Remand, 9/22/03, at 4. This issue is also effectively subsumed by Gallman's second *pro se* ineffectiveness claim, discussed below. Likewise, Gallman's third *pro se* allegation of ineffectiveness is meritless. The victim in this case was not charged with any crime, and Gallman's characterization of Jose Morales as the victim's "accomplice" is, as

counsel notes, "a misstatement of the facts and the law." *Id.* at 5. Thus, having reviewed counsel's analysis of Gallman's first and third *pro se* claims, we deny Gallman's petition for remand insofar as it relates to those claims.

■ ¶ 19 Gallman's second *pro se* ineffectiveness claim relates to counsel's presentation of Stroman's statements and, specifically, whether counsel was ineffective for failing to adequately plead and prove that Gallman's petition for post-conviction relief was timely filed following discovery of this allegedly exculpatory evidence. Counsel contends that this claim is also without merit since Gallman did not raise an after-discovered evidence claim in his original PCRA petition and, moreover, never informed counsel of the exact date that he met Stroman and discovered the evidence. These assertions are supported by the record and would certainly explain why counsel offered no argument regarding the sixty-day deadline in the amended PCRA petition or in the brief he filed in this appeal. As was the case with his first and third claims of ineffective assistance by PCRA counsel, Gallman is not entitled to remand on his second ineffectiveness claim.[7]

### III. CONCLUSION

¶ 20 Gallman's petition for post-conviction relief was untimely and not eligible for

---

7. *Lawrence* clearly dictates that we avoid review of the merits of Gallman's *pro se* ineffectiveness claims. The PCRA court, however, elected to review his second claim and provided an especially persuasive analysis that warrants inclusion here.

Under the PCRA, an appellant asserting an after-discovered evidence claim must "show that [the] new facts constitute 'exculpatory evidence' that 'would have changed the outcome of the trial if it had been introduced.' " *Commonwealth v. Palmer,* 814 A.2d 700, 706 (Pa.Super.2002) (quoting 42 Pa.C.S.A. § 9543(a)(2)(vi) and citing *Commonwealth v.*

*Yarris,* 557 Pa. 12, 731 A.2d 581, 588 (1999)). As the PCRA court noted in its opinion,

[Gallman] has not shown how [Stroman]'s statement would have changed the outcome of the trial because of the other overwhelming evidence of guilt in this case. [Gallman] admitted that the decedent had put the gun back in the Jeep, and that he knew the victim was unarmed when [Gallman] fired the fatal gun shots. As a result, even if the jury were to believe that there was a gun in the Jeep, it would not negate the conviction because the victim was clearly unarmed when he was killed. Further-

any of the enumerated exceptions to the PCRA's one-year time bar. The PCRA court lacked jurisdiction to entertain Gallman's petition and properly denied relief without a hearing. We have considered the *pro se* ineffectiveness claims raised by Gallman and, based upon our independent review of the record, find that remand is not warranted for the reasons identified by counsel. Accordingly, counsel's amended petition for remand is denied, as are Gallman's *pro se* motions for leave to reply to that petition.

¶ 21 Order affirmed. Counsel's Amended Petition for Remand is denied. Appellant's *Pro Se* Motion for Leave to File *Pro Se* Reply to Counsel's Amended Petition for Remand is denied. Appellant's Supplemental Motion for Leave to File *Pro Se* Reply to PCRA Counsel's Amended Petition for Remand is denied.

more, the victim was shot from behind while he was walking back to his Jeep. Memorandum Opinion, 1/22/03, at 5. We agree with the PCRA court's conclusion that even if Stroman's statement had been presented to the jury, it would not have changed the outcome of the trial. Thus, Gallman could not possibly claim that he was preju-

diced by counsel's alleged ineffectiveness in failing to properly present this issue, and he would not be entitled to relief on this claim under the traditional analysis. *Commonwealth v. Hutchinson*, 571 Pa. 45, 811 A.2d 556, 562 (2002) (noting that in the absence of a showing of prejudice, PCRA petitioner's ineffectiveness claim "necessarily fails").