J-S63036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SYNGUILA WILLIAMS | |
| Appellant | No. 2201 EDA 2015 |

Appeal from the PCRA Order July 17, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0000488-2010

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, J., and FITZGERALD,[*] J.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED SEPTEMBER 27, 2016**

Appellant, Synguila Williams, appeals from the order dismissing her Post Conviction Relief Act[1] ("PCRA") petition as untimely filed. She claims plea counsel was ineffective by advising her that her sentence would be concurrent with, and not consecutive to, her federal sentence. We affirm.

We adopt the facts and procedural history as set forth in the PCRA court's opinion. *See* PCRA Ct. Op., 2/25/16, at 1-2. The court sentenced Appellant on October 3, 2011, and she did not file a direct appeal. Her sentence became final on November 2, 2011. The court docketed Appellant's first *pro se* PCRA petition on November 21, 2012. Counsel was appointed and he filed an amended petition claiming Appellant's *pro se*

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

petition was timely filed and that her guilty plea was not knowing, voluntary, and intelligently made. Following a Pa.R.Crim.P. 907 notice, the court dismissed Appellant's petition on July 17, 2015. Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Before addressing the merits of Appellant's claims, we examine whether we have jurisdiction. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted).

After careful review of the record, Appellant's brief,[2] and the decision by the PCRA court, we affirm on the basis of the PCRA court's reasoning. *See* PCRA Ct. Op. at 2-4 (holding (1) Appellant failed to plead and prove any one of the three timeliness exceptions to the one-year time bar; and (2) on

---

[2] The Commonwealth did not file a brief.

- 2 -

the merits, counsel explained to Appellant at the sentencing hearing that her sentence would be consecutive to her federal sentence). Having discerned no error, we affirm the order below.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2016

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   :     CP-51-CR-0000488-2010

v.

SYNGUILA WILLIAMS, Appellant

CP-51-CR-0000488-2010 Comm. v. Williams, Synguila
Opinion

7411266511

**FILED**

FEB 2 5 2016

Criminal Appeals Unit
First Judicial District of PA

## OPINION OF THE COURT

Appellant, Synguila Williams, appeals from this Court's denial of relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §9541 *et seq*. For the reasons set forth below, this Court's Order denying relief should be affirmed.

On October 3, 2011, Appellant entered into a <u>negotiated</u> guilty plea before this Court to the charges of Robbery, Criminal Conspiracy and Possessing an Instrument of Crime (PIC) and was sentenced to an aggregate prison term of five (5) to ten (10) years. Specifically, Appellant received separate sentences of five (5) to ten (10) years for Robbery and Conspiracy and one (1) to two (2) years for PIC. All sentences were deemed to run concurrently with each other but consecutively[1] to the eight and a half (8½) year federal sentence she then was serving for bank robbery.

The plea was taken only after a jury was chosen and trial was to begin. At that time, the lead charge against Appellant was Murder. In return for the negotiated plea, the Commonwealth withdrew the murder charge. The charges stemmed from the December 29, 2007, murder and robbery of Claude Stewart Jones in Philadelphia. The facts as recited by the prosecutor at the plea hearing indicated that Appellant set up the process

---

[1] Although the charges to which Appellant entered her plea and the five to ten year aggregate sentence were negotiated between the parties, the issue of whether the sentence was to be consecutive or concurrent to her federal sentence was left to the Court's discretion.

1

which led to her co-defendants robbing the victim. During the robbery, one of her co-defendants, shot and killed the victim. The facts recited by the Prosecutor, which Appellant accepted prior to entering the plea also noted that Appellant was to have shared in the proceeds of the robbery. See N.T. 10/3/11, 24-32.

During the guilty plea colloquy Appellant acknowledged that the plea was made without any force, threats or promises beyond the negotiations. N.T. 10/3/11, 11, 19. Appellant also acknowledged that she was satisfied with the advice of counsel. N.T. 10/3/11, 21. After being sentenced and after counsel explained that the sentence was to run "after[2]" the federal sentence Appellant acknowledged that she understood the sentence. N.T. 10/3/11, 54. Significantly, voiced neither surprise, concern, nor an objection to this "consecutive" aspect of the sentence.

No petition to withdraw the plea or otherwise challenge the sentence was filed. No other post sentence motions were filed. No appellate relief was sought. Appellant was represented by Lee Mandell, Esq.

On November 21, 2012, more than one year after Appellant's conviction became final, Appellant filed a *pro se* motion seeking to have the instant sentence run concurrent to her federal sentence. On December 12, Appellant, filed a *pro se* PCRA Petition. Current counsel was appointed who filed an amended Petition on September 18, 2014. In essence current counsel alleges Appellant's plea was involuntary in direct contradiction of the record because prior counsel assured her that the sentence would run concurrent with her then federal sentence. After review, this Court denied the Petition as untimely. The instant appeal followed.

---

[2] Counsel initially used the word consecutive. Appellant asked, "What that mean? Added on?" Counsel said "Afterwords, yes."

2

The present PCRA petition is governed by the amended PCRA because it was filed after the effective 1996 date. The amended PCRA included time limitation restrictions. Commonwealth v. Beasley, 741 A.2d 1258, 1260 (Pa 1999). The timeliness requirements of 42 Pa.C.S.A. §9545 (b) "are jurisdictional in nature, and the courts lack jurisdiction to grant PCRA relief unless the petitioner can plead and prove that one of the exceptions to the time bar applies." Commonwealth v. Gallman, 838 A.2d 768, 774-775 (Pa Super. 2003) (quoting Commonwealth v. Palmer, 814 A.2d 700, 704-705 (Pa. Super. 2002)). Under 42 Pa.C.S.A. §9545(b) (1) all PCRA petitions, must be filed within one year of the date on which the judgment of sentence becomes "final," except three very limited circumstances:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth of the Constitution or laws of the United States;
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time any period provided in this section and has been held by that court to apply retroactively.
> 42 Pa.C.S.A. § 9545(b) (1) (i)-(iii) (2006); Commonwealth v. Yarris, 731 A.2d 581, 587 (Pa. 1999). See also Commonwealth v. Whitney, 817 A.2d 473, 477 (Pa. 2003); Commonwealth v. Fahy, 737 A.2d 214, 218 (Pa. 1999).

Moreover, 42 Pa.C.S.A. §9545(b) (2) states, "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented."

In an attempt to avoid the bar of waiver Appellant claims that following sentencing she was transferred to a state facility. She was sedated and remained in a "dazed and confused" state. She then was transferred to a federal prison without access to state statutes, rules, and forms.

3

The law is clear that this claim does not invoke any of the three enumerated exceptions. The claim could not be newly discovered as it allegedly was known to Appellant at the sentencing hearing. It does not invoke any retroactively applied constitutional right. It does not amount to governmental interference. See Commonwealth v. Barrett, 761 A.2d. 145 (Pa. Superior 2000) (an inmate housed in a restrictive housing unit which limited his library access does not invoke "governmental interference" as contemplated by the PCRA.) Accordingly, we believe that Appellant has fallen far short of raising a viable timely claim pursuant to the PCRA.

As the instant petition was filed more that one year after the date on which the judgment of sentence became final and as Appellant has neither pleaded nor proven any of the three enumerated statutory exceptions, this Court was without jurisdiction to entertain any claims pursuant to the PCRA.

Accordingly, for the Reasons set forth above, the Order denying relief under the PCRA should be affirmed.

BY THE COURT:

ROBINS NEW, J.

4