J-S03030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PHILLIP BALINSKI | |
| Appellant | No. 1166 EDA 2015 |

Appeal from the PCRA Order March 30, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002906-2011

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 29, 2016**

Phillip Balinski appeals from the order entered in the Court of Common Pleas of Monroe County, on March 30, 2015,[1] denying him relief on his amended first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  After a hearing, the PCRA court determined the petition was untimely and, therefore, the court was without jurisdiction to review the substance of it.  Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm on the sound basis of the PCRA court opinion.

---

[1] The PCRA court opinion contains a typographical error regarding the date of the order.  The April 23, 2015 order referred to be the PCRA is an order granting Balinski's motion for transcripts.  March 30, 2015 is the proper date for the order denying Balinski relief.  See Notice of Appeal, 4/17/2015.

Balinski raises two claims in this timely appeal. First, he argues the PCRA court erred in failing to grant him *nunc pro tunc* relief to file his direct appeal. Balinski asserts he was confused regarding the difference between a direct appeal and a PCRA claim, and therefore the one-year PCRA filing requirement should have been tolled. Second, he argues trial counsel was required to inform him of his appellate rights in writing. The failure to do so contributed to his aforementioned confusion. These arguments are unavailing.

The PCRA court has authored a comprehensive opinion detailing its reasoning in finding Balinski's petition to be untimely. We hereby rely upon that opinion in denying Balinski relief.

In addition to the sound reasoning found in the PCRA court's opinion, we note that at the March 30, 2015 hearing on the PCRA petition, in contradiction to Balinski's current assertions, trial counsel, Jason Labar, Esq., testified Balinski did not request a direct appeal. *See* N.T. PCRA Hearing, 3/30/2015 at 27. Rather, Balinski complained wholly that Labar was ineffective at trial. *Id*. Letters from Balinski to the Monroe County Clerk of Courts confirm that Balinski believed Labar had provided some manner of ineffective assistance. However, the nature of the ineffective assistance was never revealed. These letters were forwarded to Attorney Labar, who was still counsel of record. Attorney Labar also testified he could not claim his own ineffectiveness, that he informed Balinski he would need to file a PCRA petition to raise ineffectiveness claims, that the PCRA forms could be

- 2 -

obtained in any jail/prison, that Balinski had a year to file a petition and finally, he described the filing process for Balinski. *Id*. at 28.

Order affirmed. Parties are directed to attach a copy of the PCRA court's opinion, dated May 14, 2015, in the event of further proceedings.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/29/2016

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA   :  NO. 2906 CR 2011

        v.                       :
                            :  Appeal Docket No. 1166 EDA 2015

PHILLIP BALINSKI,              :

       Defendant            :

## OPINION IN SUPPORT OF ORDER PURSUANT TO Pa.R.A.P. 1925(a)

Defendant filed an appeal form the order dated April 23, 2015, that denied his petition seeking relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. Section 9541 *et. seq.* After the appeal was filed, we issued an order directing Defendant to file a statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). Defendant complied. We now issue this opinion in accordance with Pa. R.A.P. 1925(a).

The relevant factual and procedural history may be summarized as follows:

On January 11, 2013, a jury convicted Defendant of Rape of a Child, Involuntary Deviate Sexual Intercourse of a Child, Indecent Assault of a Child, Disseminating Explicit Sexual Material to a Minor, two counts of Unlawful Contact with a Minor, Endangering the Welfare of a Child, and Corruption of a Minor. On June 3, 2013, Defendant was sentenced to 16 to 32 years in a state correctional institution, classified as a Sexually Violent Predator, and and directed to register under Megan's law IV. The judgment of sentence was entered on June 5, 2013, and served on counsel of record the next day.

1



9

On June 12, 2013, the Commonwealth filed a motion for reconsideration of the sentence. The motion was denied, without a hearing, by order dated June 21, 2013. The order was served on the Commonwealth and counsel for Defendant the same day. Defendant did not file a direct appeal.

On October 8, 2014, Defendant filed a *pro se* PCRA petition. PCRA counsel was appointed and granted permission to file an amended petition. On January 20, 2015, PCRA counsel filed an amended petition, together with a supporting memorandum, alleging that Defendant's trial attorney was ineffective in failing to discuss with Defendant his appeal rights and options and in failing to file a direct appeal. Defendant sought reinstatement of his appeal rights.

On February 20, 2015, the Commonwealth filed an answer and a supporting brief. The Commonwealth alleges that the PCRA petition was untimely filed and, in any event, is substantively without merit.

A hearing on the amended petition was held on March 30, 2015. During the hearing, Defendant called his trial attorney and testified on his own behalf. In addition, the Court reviewed the record and docket with counsel and confirmed the dates of filing, all of which are set forth above, that are relevant to the jurisdictional issue raised by the Commonwealth. (N.T., 3/30/2015, pp. 3-10, 28-31, and 36-43; Order dated March 30, 2015). Based on dates of filing that are undisputed and clear from the record, we found that we did not have jurisdiction to hear the PCRA petition and decide the ineffectiveness claims because the petition was filed more than one year after Defendant's judgment of sentence became final. Accordingly, after

2

summarizing our reasoning on the record, we issued an order denying the petition. (*Id.* at 36-43; Order dated March 30, 2015).[1] Thereafter, Defendant filed this appeal.

In his 1925(b) statement, Defendant raises four assignments of error, each of which is phrased as a "question presented" with a proposed answer. The first three questions relate to Defendant's claim that his trial counsel rendered ineffective assistance by failing to properly explain and advise him about his appeal rights and options. The fourth asks whether we abused our discretion "by not tolling the one year time limit bar under 42 Pa. C.S.A. §9545(b) and restoring a petitioner's direct appeal rights *nunc pro tunc*?" (Defendant's 1925(b) Statement, ¶ 4). Defendant suggests that this question be answered "yes." However, under applicable law, the answer is clearly "no."

As noted, at the end of the PCRA hearing we stated our reasons for denying Defendant's petition on the record. To what we said there, we add only the following analysis of the applicable law:

Generally, a PCRA petition, including a second or subsequent petition, must be filed within one year from the date the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). *See Commonwealth v. Turner*, 73 A.3d 1283, 1285 (Pa. Super. 2013). A judgment is deemed final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

There are only three narrow exceptions to this time requirement:

---

[1] We incorporate our order and on-record statements into this opinion by reference.

3

> (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. *See Commonwealth v. Gamboa–Taylor,* 562 Pa. 70, 753 A.2d 780, 783 (2000). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." *Id.* (quoting 42 Pa.C.S.A. § 9545(b)(2)). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson,* 575 Pa. 500, 837 A.2d 1157, 1161 (2003).

*Comonwealth v. Brandon,* 51 A.3d 231, 233-34 (Pa. Super. 2012). *See also Commonwealth v. Smith,* 818 A.2d 494 (Pa. 2003); Commonwealth v. *Cintora,* 69 A.3d 759, 762 (Pa. Super. 2013), *appeal denied,* 81 A.3d 75 (Pa. 2013).

The timeliness requirements of the PCRA are mandatory and jurisdictional in nature. 42 Pa.C.S.A. § 9545(b); *Commonwealth v. Robinson,* 837 A.2d 1157, 1161 (Pa. 2003); *Commonwealth v. Fowler,* 930 A.2d 586 (Pa. Super. 2007). If a petition is not filed within the one-year time frame,

> the courts lack jurisdiction to grant relief unless the petitioner can plead and prove that one of the three statutorily-enumerated exceptions to the time-bar applies. [*Commonwelath v. Robinson,* 837 1157, 1161 (Pa. 2003)]; *Commonwealth v. Gallman,* 838 A.2d 768, 774–775 (Pa.Super.2003). A petition invoking one or more of these exceptions must be filed within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2). The petitioner has the burden to plead in the petition and subsequently to prove that an exception applies. *Commonwealth v. Beasley,* 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999). "[A]llegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Pollard,* 911 A.2d 1005, 1008 (Pa. Super. 2006) (quoting *Commonwealth v. Wharton,* 584 Pa. 576, 588, 886 A.2d 1120, 1127 (2005)).

4

*Fowler,* 930 A.2d at 591.

Here, Defendant was sentenced on June 3, 2013. He did not file a direct appeal. As a result, his judgment of sentence became final July 21, 2013, thirty days after the Commonwealth's motion for reconsideration was denied. Thereafter, Defendant had one year, or until July 21, 2014, in which to file a PCRA petition. Defendant's initial PCRA petition was not filed until October 8, 2014, two and a half months late. Moreover, Defendant did not assert any of the Section 9545 exceptions. Further, even a cursory examination of the Petition and the record reveals that none of the exceptions apply. Under these circumstances, it is clear that Defendant's Petition is untimely.

Defendant suggests that we should have "tolled" the one-year time bar because of purported "confusion" about the difference between a direct and a collateral appeal and the alleged ineffectiveness of his trial attorney in failing to file a direct appeal. Unfortunately for Defendant, "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Pollard,* 911 A.2d 1005, 1008 (Pa. Super. 2006) (quoting *Commonwealth v. Wharton,* 584 Pa. 576, 588, 886 A.2d 1120, 1127 (2005)). *See also Commonwealth v. Murray,* 562 Pa. 1, 753 A.2d 201 (2000) (holding court properly dismissed untimely PCRA petition claiming ineffectiveness for counsel's failure to file direct appeal, where defendant did not plead and prove applicability of time-bar exceptions). There is simply no basis in current law for the "tolling" Defendant requests, and we decline his invitation to judicially carve out an exception to the one-year filing requirement.

Simply, Defendant's Petition is untimely on its face and Defendant did not plead any statutory exception that would allow us to review his late filed petition. Accordingly, we lack jurisdiction to decide Defendant's claims of ineffectiveness.

For these reasons, our order denying Defendant's PCRA petition should be affirmed.

DATE: 5/14/15

J. _____

JONATHAN MARK

Cc: Superior Court of Pennsylvania
Jonathan Mark, J.
District Attorney (MTR)
Bradley W. Weidenbaum, Esq.

2015 MAY 14 PM 2 02
MONROE COUNTY, PA
CLERK OF COURTS

6