520 A.2d 10

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Darryl McBEE, Appellee.**

Supreme Court of Pennsylvania.

Submitted Oct. 24, 1986.

Decided Dec. 10, 1986.

Gaele McLaughlin Barthold, Deputy Dist. Atty., Ronald Eisenberg, Philadelphia, for appellant.

William T. Cannon, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The issue presented in this case is whether remand for the appointment of new counsel is required when a claim of ineffective assistance of counsel is made on direct appeal and it is clear from the record that the claim is meritless.

On July 1, 1976, John Meehan was killed during the course of a robbery in Philadelphia, Pennsylvania. On August 18, 1976, Darryl McBee (appellee) was arrested in Virginia while visiting his brother and sister-in-law. Subse-

quent to his arrest, appellee had the benefit of advice from his brother, sister-in-law and Attorney John Garland, a friend of the family. All "essentially advised [appellee] to make no statement to the police concerning the charges." Appellee's brief at 2. At the extradition hearing on August 19, 1976, appellee was again advised by his brother, Garland and a court-appointed attorney to remain silent. Court of Common Pleas Slip op. at 29–30. On August 23, 1976, appellee was transported from Virginia to Philadelphia. During that trip, after being advised of his *Miranda* rights, appellee gave an inculpatory statement to the police.

Prior to appellee's trial in Philadelphia, appellee's then-counsel filed a motion to suppress the inculpatory statement given by appellee, alleging, *inter alia*, that the statement was given by appellee involuntarily. Prior to the suppression hearing, appellee was appointed new counsel.[1] Appellee's suppression motion was denied. In January, 1977, appellee was found guilty of murder in the second degree, robbery and criminal conspiracy. On appellee's first appeal to the Superior Court, that Court, *en banc*, reversed appellee's judgment of sentence and remanded the case for a new trial.[2] *Commonwealth v. McBee*, 267 Pa.Super. 49, 405 A.2d 1297 (1979). The Superior Court at that time held that an erroneous *voir dire* ruling required appellee to receive a new trial. In that same appeal, appellee also raised the issue of the admissibility of his inculpatory statement, which Superior Court disposed of as follows:

Appellant [appellee] contends that the lower court erred in admitting his confession to police because it was involuntary. Specifically, he claims that this confession resulted from physical abuse, threats, and cajolery by the police. However, testimony of the interrogating officers

---

1. Appellee's present counsel has been his counsel since that time and has represented appellee through all phases of this criminal matter.

2. On remand, appellee's second trial resulted in a finding of guilty on the criminal conspiracy charge. However, a mistrial was declared as to the robbery and murder charges when the jury could not reach a verdict. Appellee was granted a new trial from the finding of guilty on the criminal conspiracy charge, but was never brought to trial on that charge. *See* Appellee's brief at 5.

refuted this claim and was credited by the suppression court. Because the evidence supports the suppression court's findings, we conclude that this claim is without merit. *See Commonwealth v. Sparrow,* 471 Pa. 490, 370 A.2d 712 (1977); *Commonwealth v. Walker,* 470 Pa. 534, 368 A.2d 1284 (1977); *Commonwealth v. Washington,* 259 Pa.Super. 407, 393 A.2d 891 (1978).

Appellant [appellee], a 17 year old juvenile at the time of arrest, also contends that the lower court should not have admitted his confession because it was taken (a) in the absence of a consultation with an interested and informed adult, *Commonwealth v. McCutchen,* 463 Pa. 90, 343 A.2d 669 (1975), and (b) contrary to an agreement that appellant's [appellee's] counsel be present, *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977); *Commonwealth v. Bullard,* 465 Pa. 341, 350 A.2d 797 (1976). Because appellant [appellee] failed to raise the *McCutchen* issue pre-trial and the *Brewer* issue in post-verdict motions, we hold that he has waived those issues. *See Commonwealth v. Baylis,* 477 Pa. 472, 384 A.2d 1185 (1978); *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).

267 Pa.Super. at 51–52, 405 A.2d at 1298.

On June 14, 1980, appellee's third and final trial, at which his inculpatory statement was introduced as evidence resulted in a verdict of guilty of murder in the second degree and robbery. Appellee filed post-trial motions in which he alleged, among other claims, ineffective assistance of his prior counsel and ineffective assistance of his present counsel, in their failure to raise the issue, in the 1976 suppression motion, that appellee was a minor at the time he gave the inculpatory statement, and that he did not have access to an "interested adult" during the time he gave his inculpatory statement; thus his inculpatory statement was *per se* not knowing and intelligent. This *per se* rule was established by the case *Commonwealth v. McCutchen,* 463 Pa. 90, 343 A.2d 669 (1975), *cert. denied,* 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976). In September, 1981, appellee's post-trial motions were denied and appellee was sentenced

to life imprisonment on the murder in the second degree charge and 6 to 20 years imprisonment on the robbery charge, with both sentences running concurrently.

On appeal to Superior Court from appellee's final trial, appellee's counsel raised various claims, including his own ineffectiveness as trial counsel at the first trial in failing to raise and preserve a *McCutchen* issue. The Superior Court, by *per curiam* order filed January 4, 1985, remanded appellee's case for appointment of new counsel. *Commonwealth v. McBee*, 341 Pa.Super. 617, 491 A.2d 919 (1985). In its memorandum opinion, the Superior Court disposed of the ineffective assistance of counsel claim as follows:

This appeal is from a judgment of sentence for second degree murder and robbery. We are unable to address appellant's [appellee's] arguments on appeal because, through appellate counsel, who also represented appellant [appellee] at trial, appellant [appellee] claims, among other things, that trial counsel was ineffective. *See Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Serianni*, [337] Pa.Super. [309], [486] A.2d [1349], (1984) (filed December 19, 1984). Appellant [appellee] argues, however, that we may entertain this appeal since trial counsel's ineffectiveness is clear on the face of the record. *See Commonwealth v. Fox, supra.* We cannot agree. *See Commonwealth v. Williams*, 504 Pa. 511, 475 A.2d 1283 (1984) (no rebuttable presumption that juvenile is incompetent to waive *Miranda* rights without first having opportunity to consult with interested adult); *overruling Commonwealth v. Christmas*, 502 Pa. 218, 465 A.2d 989 (1983) (interested adult rule of *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975), replaced with presumption that juvenile is incompetent to waive *Miranda* rights).

We therefore remand for the appointment of new counsel to represent appellant [appellee]. Jurisdiction is relinquished.

Mem.Op. at 1–2. We granted the Commonwealth's petition for allowance of appeal and now reverse.

■ In *Commonwealth v. Serianni*, 337 Pa.Super. 309, 486 A.2d 1349 (1984), the Superior Court held, "that where counsel argues his own ineffectiveness, unless reversible error is apparent from the record, the case must be remanded for the appointment of new, independent counsel." 337 Pa.Super. at 315, 486 A.2d at 1352. However, in *Commonwealth v. Clemmons*, 505 Pa. 356, 479 A.2d 955 (1984) this Court held "that where it is clear that allegations of ineffectiveness of counsel are baseless or meritless then an evidentiary hearing is unnecessary and the unfounded allegations should be rejected and dismissed." 505 Pa. at 361, 479 A.2d at 957. The *Serianni* decision of the Superior Court departed from the controlling law and is now disapproved. When appellate counsel asserts a claim of his or her own ineffective assistance of counsel on direct appeal, the case should be remanded for the appointment of new counsel *except* (1) where, it is clear from the record that counsel was ineffective or (2) where it is clear from the record that the ineffectiveness claim is meritless. Thus, appellee's assertion that "a remand for the appointment of counsel is necessary in all cases in which counsel argues his or her own ineffectiveness" is without merit. Appellee's brief at 8.

Our standard of review of the claim of ineffective assistance of counsel remains as follows:

This Court recently reiterated the appellate standards for reviewing claims of ineffective assistance of counsel; in *Commonwealth v. Anderson*, 501 Pa. 275, 286, 461 A.2d 208, 213 (1983) we stated:

We remain guided by the standards first articulated in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605–06, 235 A.2d 349, 352–53 (1967):

[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests.

The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the

balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.

Moreover, counsel will not be deemed ineffective for failing to raise baseless or frivolous issues. *Commonwealth v. Arthur*, 488 Pa. 262, 265, 412 A.2d 498 (1980). It is only when the claim which has been foregone is of arguable merit that further inquiry must be made into the basis for counsel's decision not to pursue the matter. *Commonwealth v. Hubbard*, 472 Pa. 259, 278, 372 A.2d 687, 696 (1977).

*Commonwealth v. McNeil*, 506 Pa. 607, 614–15, 487 A.2d 802, 805–06 (1985) (emphasis in original).

Moreover, implicit in these standards is the requirement that the defendant must demonstrate that he was harmed by his attorney's alleged ineffective assistance. As we first observed in *Commonwealth ex rel. Washington v. Maroney, supra:*

Cases such as *Commonwealth ex rel. Gallagher v. Rundle*, 423 Pa. 356, 223 A.2d 736 (1966) and *Commonwealth ex rel. Jones v. Maroney*, 417 Pa. 567, 209 A.2d 285 (1965) indicate that, for relief to be granted, appellant must demonstrate that counsel's ineffectiveness worked to his prejudice.... Since our test requires that we examine the approach employed by trial counsel in light of the available alternatives, a finding of ineffectiveness could never be made unless we concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized.

Obviously, then if there is no reasonable basis to support trial counsel's decision (a finding prerequisite to a conclusion of ineffectiveness), his decisions a fortiori were prejudicial to the client.

*Commonwealth v. Griffin*, 511 Pa. 553, 567, 515 A.2d 865, 871–72 (1986).

 As to the claim that appellee's counsel was ineffective in failing to raise and preserve the "interested adult" rule of *McCutchen* in his 1976 suppression motion, both the

Commonwealth and appellee now concede that the "totality of the circumstances" rule governs our determination of the admissibility of appellee's inculpatory statement. *Commonwealth v. Williams*, 504 Pa. 511, 475 A.2d 1283 (1984).[3] *Williams* was the culmination of our refinement of the standard governing the area of juvenile confessions.[4] The record in the case at hand reflects that subsequent to appellee's arrest, he conferred with his brother, sister-in-law and Attorney Garland. All told appellee to remain silent and make no statement to the police concerning the charges filed against him. At the extradition hearing, appellee was again advised to remain silent by his brother, Attorney Garland, plus his court-appointed counsel and the judge presiding at the extradition hearing. Nonetheless, four days later, while being transferred to Philadelphia, appellee chose to give an inculpatory statement. There is no assertion or indication that appellee was not of normal intelligence or that he was under the influence of drugs or

**3.** If the "interested adult" rule of *McCutchen* were applicable, it is clear from the record that appellee was afforded and realized several opportunities to speak with "interested adults" prior to giving his inculpatory statement. Therefore, the ineffective assistance of counsel claim would be meritless.

Further, throughout the 10 year course of this criminal proceeding, appellee has been classified as a juvenile. In fact, his age, at the time he gave the inculpatory statement, has been stated as, at various times, 17 years or 17 years 7 months. Appellee's mother testified that his age at the time of arrest was 17 years. *See* Transcript of June 12, 1980 at 141. However, a City of Philadelphia Police Department Arrest Report and a City of Philadelphia Municipal Court Hearing List reflect appellee's age, in 1976 to be 18. Additionally, at the sentencing hearing on September 18, 1981, the birthdate of appellee was stated as February 6, 1958. *See* Transcript of September 8, 1981 at 8. Review of various papers in the record on which appellee's date of birth is recorded reflects that his date of birth was February 6, 1958, which would make appellee 18 years old at the time he made the inculpatory statement (August, 1976), and thus void any *McCutchen* issue.

**4.** Initially, in *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975), this Court established a *per se* rule that a juvenile could not knowingly and intelligently waive his rights to counsel or to remain silent, without first being given an opportunity to confer with an adult, who was interested in the juvenile's welfare and was informed of the juvenile's rights. The "interested adult" rule of *McCutchen* was overruled in *Commonwealth v. Christmas*, 502 Pa. 218, 465 A.2d 989 (1983). In *Christmas*, the rule of *McCutchen* was replaced by a

alcohol at the time of his statement. Additionally, it had previously been found by the lower court and by Superior Court, on appellee's first appeal, that he had not been subjected to physical abuse or threats at the time he made the inculpatory statement. Thus, reviewing the "totality of the circumstances", it is clear that appellee's inculpatory statement was knowing and intelligent and therefore counsel was not ineffective in failing to raise or preserve an issue concerning appellee's youth as it relates to the knowing and intelligent waiver of his rights prior to giving his inculpatory statement. Failure to raise a meritless issue is not ineffective assistance of counsel. *See Commonwealth v. McNeil, supra.*

The order of Superior Court remanding appellee's case for the appointment of new counsel is reversed and the case remanded to Superior Court for disposition of appellee's remaining allegations of error.

NIX, C.J., and ZAPPALA, J., note a dissent.

<hr />

presumption that a statement, given by a juvenile, in the absence of an opportunity to confer with an interested adult was inadmissible. The presumption could be rebutted by a showing that the juvenile made a knowing, intelligent and voluntary waiver under the totality of the circumstances. These circumstances included the juvenile's age, background, experience, intelligence, etc.