618 A.2d 442

COMMONWEALTH of Pennsylvania, Appellee,

v.

Delreese KNIGHT, Appellant (Two Cases).

Superior Court of Pennsylvania.

Submitted Oct. 19, 1992.

Filed Dec. 24, 1992.

486

James Stock, Asst. Public Defender, Pittsburgh, for appellant.

James R. Gilmore, Asst. Dist. Atty., Pittsburgh, for Com.

Before OLSZEWSKI, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This case involves dual appeals from the judgments of sentence (aggregating 4–8 years imprisonment) for possession and delivery of drugs (filed at CC No. 9100183) and the commission of two burglaries, two counts of receiving stolen property, theft and criminal conspiracy (filed at CC Nos. 9014797 and 9015347) by the appellant, Delreese Knight. We affirm in part and vacate in part.

Present counsel, who is from the same public defender's office as prior counsel, claims that prior counsel was ineffective. The standard by which counsel's stewardship is measured is well-established; to-wit:

> [C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests.
>
> The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the bal-

ance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.

Moreover, counsel will not be deemed ineffective for failing to raise baseless or frivolous issues. It is only when the claim which has been foregone is of arguable merit that further inquiry must be made into the basis for counsel's decision not to pursue the matter.

... implicit in these standards is the requirement that the defendant must demonstrate that he was harmed [prejudiced] by his attorney's alleged ineffective assistance.

*Commonwealth v. McBee*, 513 Pa. 255, 520 A.2d 10, 13 (1986) (Citations omitted; emphasis in original).

■ In light of the fact that present counsel is affiliated with the same public defender's office as prior counsel, the claims of ineffective representation are the equivalent of present counsel asserting his own ineffectiveness on direct appeal. In this context, the law requires a remand for the appointment of new counsel *except* (1) where it is clear from the record that counsel was ineffective or (2) where it is clear from the record that the ineffectiveness claim is meritless. *Id.*

The facts need to be recited in detail to appreciate our ruling: On February 25, 1991, the appellant was charged with receiving stolen property (at CC No. 9003125) and possession of cocaine (at CC No. 9002983).[1] The appellant, thereafter, informed the court that he wished to plead guilty.

Prior to accepting the pleas, the court conducted a colloquy in which the appellant was advised of his right to a trial by 12 of his peers selected with his input, that a unanimous verdict had to be returned and that the Commonwealth had the burden of proving guilt to overcome his presumption of innocence. After being so advised, the appellant responded that he was pleading guilty of his own free will and because he had committed the offenses with which he was charged. N.T. 2/25/91 at 5–6, 9. The court accepted the pleas. At this same

1. Neither offense is the subject of inquiry in the present appeal. We include them in the recitation of the facts as a backdrop for the claims raised for review.

proceeding, the court agreed to try the charge of burglary (involving the home of Ms. Blanche Brown) lodged against the appellant at CC No. 9015347.

At the outset, the court, for a second time, informed the appellant of the components of a jury trial, the offenses (burglary, theft and receiving stolen property) were defined and the possible range of sentences was articulated. This was followed with the appellant's execution of a form waiving his right to a jury.

At trial, Ms. Brown testified to hearing glass break in a room housing her furnace. When she investigated, she found the appellant in the room and asked his purpose for being there. The appellant responded that he had been employed by her landlord and was awaiting payment for services rendered.

Ms. Brown left the appellant's company to lock the door to her apartment. When she returned, the appellant and her son's "mountain bike", valued at $136.00, were gone. The court took the case under advisement and, ultimately, found the appellant guilty.

On the same day as the first set of guilty pleas were accepted and the non-jury trial was conducted, the appellant pleaded guilty to an additional two counts of burglary, two counts of receiving property and criminal conspiracy at CC Nos. 9015350 and 9014797. Prior to doing so, however, the facts for each offense were recited, the appellant was advised of the possible penalties for each offense, and the rights attendant to a jury trial were reiterated. Also, the court elicited from the appellant that he was acting of his own free will.

Next, the Commonwealth stated for the record what it would have presented had the appellant gone to trial at CC Nos. 9015350 (burglary of a Lisa Gordon's home) and 9014797 (burglary of a Michael Maneese's home). With this, the court accepted the appellant's pleas of guilty to each offense.

On April 26, 1991, the appellant pleaded guilty to fifteen counts of violating the Controlled Substance, Drug, Device and

Cosmetic Act at CC No. 9100183. Prior thereto, the facts underlying each count were read into the record and the possible penalties were communicated to the appellant. As before, the appellant was advised of his right to a jury trial and that the Commonwealth had the burden of establishing his guilt "beyond a reasonable doubt". After the colloquy, wherein the appellant admitted his guilt, the court accepted the pleas.

At the time set for sentencing, as herein relevant, the court entered a term of one and one-half to three years imprisonment for the burglary at CC No. 9014797, the same term of imprisonment was imposed for a second burglary at CC No. 9015347 and one to two years imprisonment was issued for possession of drugs at CC No. 9100183. Thereafter, the appellant filed a *pro se* notice of appeal from the judgments of sentence at CC Nos. 9014797 and 9015347 (docketed at No. 1010 Pittsburgh, 1991), and a second notice of appeal was filed *pro se* from the judgment of sentence at CC No. 9100183 (docketed at No. 1202 Pittsburgh, 1991). On August 8, 1991, this Court consolidated the appeals.

■ Initially, counsel for the appellant argues that at the guilty plea hearing conducted for the charges listed at CC No. 9100183 (fifteen counts of delivery and possession of a controlled substance), there was "no factual basis for the guilty plea ... established on the record. Thus, prior counsel was ineffective for failing to object to the inadequate colloquy or moving for its withdrawal." Appellant's Brief at 11. We disagree.

This being the first occasion that counsel other than counsel whose stewardship is being challenged represents the appellant, it is the appropriate stage to raise the ineffectiveness claim. See *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Faust*, 324 Pa.Super. 492, 471 A.2d 1263 (1984). Further, despite the fact that both counsel work for the same public defender's office, review is not precluded since the argument raised is found to be meritless. See *McBee*, supra.

Our review of the April 26, 1991, guilty plea hearing reveals, contrary to the position espoused by counsel for the appellant, a *factual basis* for each of the fifteen drug related counts against the appellant (Counts 1–5, delivery of a controlled substance; Counts 6–10, possession with intent to deliver a controlled substance; and Counts 11–15, possession of a controlled substance).

For example, the dates and to whom the controlled substances were delivered as to Counts 1, 6 and 11 were listed. The same holds true with regard to Counts 2, 7 and 12; Counts 3, 8 and 13; Counts 4, 9 and 14; and Counts 5, 10 and 15. See N.T. 4/26/91 at 4–6. As a result, the appellant's assertion of no *factual* predicate for his guilty pleas to the charges at CC No. 9100183 is flawed.[2] Accordingly, after an examination of the "totality of circumstances", we find that the appellant acted knowingly, intelligently and voluntarily in entering his pleas of guilty. See *Commonwealth v. Anthony,* 504 Pa. 551, 475 A.2d 1303 (1984).

■ In his second claim, the appellant avers that prior counsel was ineffective for failing to seek recusal of the judge who presided over his non-jury trial at CC No. 9015347 (burglary of Ms. Brown's residence) because that jurist was cognizant of pending drug charges and prior convictions (which followed on the heels of his earlier pleas of guilty at CC Nos. 9003125 (receiving stolen property) and 9002983 (possession of controlled substance) before the same judge). This, it is urged, prejudiced the appellant's case.

**2.** To the extent that counsel for the appellant argues that the pleas were defective for the court's failure to question the appellant on the record concerning the "mandatory areas" set forth in Pa.R.Crim.P. 319, we find this contention to be specious.

The requirement of satisfying the "mandatory" areas recited in Rule 319, as proffered by counsel for the appellant with citation to cases such as *Commonwealth v. Willis,* 471 Pa. 50, 369 A.2d 1189 (1977) and *Commonwealth v. Dilbeck,* 466 Pa. 543, 353 A.2d 824 (1976), has given way to the application of a "totality of circumstances" test in assessing the propriety of a guilty plea. See *Commonwealth v. Anthony,* 504 Pa. 551, 475 A.2d 1303 (1984). Under such a standard, we have no reluctance in concluding that the appellant's guilty pleas at the April 26, 1991, hearing were not defective, but were knowingly, intelligently and voluntarily entered. *Id.*

In support of this argument, the appellant cites *Commonwealth v. Simmons*, 335 Pa.Super. 57, 483 A.2d 953 (1984), for the proposition that the failure to inform him of the opportunity to be tried by an "impartial judge", versus a judge who had accepted his pleas of guilty or a trial by jury, entitled him to a new trial.

In *Simmons*, the defendant was charged with robbery. The accused appeared in court and admitted his guilt during an on-the-record colloquy. Later, during the same colloquy, the defendant indicated his lack of understanding when asked by the court whether he was pleading to the charge because he was, in fact, guilty. Simmons was questioned further and, at this stage, stated that he was not guilty of any of the charges and wished to have a trial by jury. A jury was selected. However, the appellant changed his mind and wished to be tried non-jury by the same judge who had just presided over his aborted plea of guilty. To protect his client's interest, counsel requested that the judge recuse himself. The judge refused and proceeded to find the defendant guilty.

On appeal, this Court held that the trial judge should have recused himself because the defendant had acknowledged the facts underlying the charge and had admitted his guilt to the trial judge before deciding to withdraw his plea of guilty.

Instantly, unlike in *Simmons*, the trial judge was not presented with a plea of guilty to a charge ultimately withdrawn and tried non-jury before the *same* judge who heard the plea. Rather, we have a scenario in which the appellant was asking to be tried non-jury before a jurist who had accepted his pleas of guilty to offenses which were separate and distinct from the offense for which he was seeking to be tried non-jury. Prior counsel was aware of this fact. Nonetheless, counsel requested that the jurist who had accepted his client's pleas of guilty hear and decide the separate charges of burglary, theft and receiving stolen property at CC No. 9015347 non-jury:

> [Appellant's Prior Counsel]: Your Honor, I would request that after you hear the evidence in the case to defer your decision until you hear the evidence in all the cases so that you can render a decision in each case at the end of

everything so that we don't get into a situation where the Commonwealth might ask for a different judge, or I might or the defendant might want to ask for a different judge for the next case. *I know that you're quite fair and that you can ferret out the differences in the cases, and I would make a request —*

THE COURT: *All right, I don't see any problem with that. So, we'll just hear the evidence and then render a decision covering all the cases at the end thereof....*

N.T. 2/25/91 at 13–14 (Emphasis added).

In this jurisdiction, it is presumed that a trial judge is capable of recognizing in himself/herself the symptoms of bias and partiality. As our Supreme Court wrote in *Reilly By Reilly v. Southeastern Pa. Transportation,* 507 Pa. 204, 489 A.2d 1291, 1299 (1985):

If the judge feels that he can hear and dispose of the case fairly and without prejudice, his decision will be final unless there is an abuse of discretion.

At bar, even though there was no motion to recuse, we have evidence of the trial court's "feel[ings]" had such a request been made, i.e., trial counsel's inquiry of the court to refrain from rendering a decision on any charges until all cases against his client had been heard. This resulted in the court responding: "All right, I don't see any problem with that."

We do not find, in either conduct or response, that the jurist was incapable of being impartial. Stated otherwise, we conclude that trial counsel was not ineffective for not requesting recusal, for recusal was not warranted in this case. See *Commonwealth v. Irwin,* 397 Pa.Super. 109, 579 A.2d 955 (1990).

 The last of the appellant's averments concerns the claim that prior counsel was ineffective for failing to present the testimony of an alibi witness at the non-jury trial conducted at CC No. 9015347 (burglary of Ms. Brown's residence).

 The appellant contends that he "told prior counsel that he was with his brother, Victor Knight, throughout the night of" the reported burglary. Appellant's Brief at 27. In sup-

port thereof, the appellant attaches an "offer of proof" to his appellate brief ("Appendix B") indicating what Victor's testimony would have been had he testified.[3] This Court has stated in regard to a claimed failure of counsel to produce an alibi witness that:

It is clear that trial counsel's failure to present a possible witness is not per se ineffective assistance of counsel. Counsel need not call every person mentioned by a defendant. Moreover, a failure to call a possible witness will not be equated with a conclusion of ineffectiveness absent some positive demonstration that the testimony would have been helpful to the defense. In *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975), our Supreme Court addressed the issue of whether counsel's failure to call a known witness constituted ineffective assistance:

3. The verified statement of Victor Knight reads:

VERIFIED STATEMENT

I, VICTOR KNIGHT, was with Delreese Knight from 9:00 p.m. on July 12, 1990 to the morning of July 13, 1990. Delreese Knight was with me at all times during that evening, and we were never on the premises of 754 Tokay Street in Pittsburgh, Pennsylvania. I was willing and able to testify on Delreese Knight's behalf at his trial on July 25, 1991.

I make this statement knowing it is subject to the penalty provided under 18 Pa.C.S. § 4904 (Unsworn falsification to Authorities)

Date: 8/16/92 /s/Victor Knight
 Victor Knight

To begin with, matters appearing in appellate briefs, be it in the form of exhibits or appendices, which do not also appear in the official record transferred to this Court are considered not reviewable by this Court. See *Commonwealth v. Rini*, 285 Pa.Super. 475, 427 A.2d 1385 (1981).

However, inasmuch as the present appeal is the first occasion that counsel other then counsel whose stewardship is being challenged is representing the appellant, inquiry into the issue of ineffectiveness is proper and avoids the likelihood that the failure to address the matter would surface in a Post Conviction Relief Act petition. See *Dancer*, supra.

Nonetheless, we are foreclosed from examining the viability of the appellant's claim because the resolution is *de hors* the record and necessitates a remand to afford trial counsel the opportunity to either refute his knowledge of the existence of the alibi witness or give some reasonable basis for his failure to call the witness. See *Commonwealth v. Anderson*, 410 Pa.Super. 524, 600 A.2d 577, 581–82 (1991).

"If counsel's decision not to secure [the witness'] appearance ... was based on a reassessment of its worth and a conclusion that it was of little or no value in the posture of this case, then that decision clearly had some reasonable basis designed to effectuate [the client's] interests. In such circumstances, counsel's conduct would not constitute ineffectiveness. Had counsel reached his decision on a basis designed to advance his client's interest, this case would be analogous to those situations in which, as a matter of trial strategy, counsel decides not to call a witness at all.

"If, however, counsel's failure to seek compulsory process to obtain [the witness'] testimony ... was the result of sloth or lack of awareness of the available alternatives, then his assistance was ineffective. *In a case where virtually the only issue is the credibility of the Commonwealth's witness versus that of the defendant, failure to explore all alternatives available to assure that the [trier-of-fact] heard the testimony of a known witness who might be capable of casting a shadow upon the Commonwealth's witness's truthfulness is ineffective assistance of counsel.*" 460 Pa. at 110–111, 331 A.2d at 443. [Citations omitted in part; emphasis added]

At trial, the only witness to testify for the Commonwealth was the complainant (Ms. Brown). To rebut this, the appellant now claims that he advised his trial counsel of his brother's testimony, which he alleges would have established his whereabouts at a location other than the burglarized residence of Ms. Brown on the evening and time in question. Under these circumstances, the witness' alibi for the appellant "would have been the single most important possible addition to [or evidence of] appellant's defense." *Commonwealth v. Smith,* 442 Pa. 265, 275 A.2d 98, 100 (1971).

The appellant's allegation of having communicated the existence of the alibi defense to his trial counsel is of arguable merit, and its prejudice is conceded in the law absent trial counsel's knowledge of the existence of the alibi witness or his inability to offer some reasonable basis for not calling the witness. *Id.* Because resolution of this matter is *de hors* the

record, i.e., the appellant's claim of communicating alibi witness' existence to counsel and/or some reasonable basis for counsel's failure to produce the witness, a remand is necessary to permit trial counsel the opportunity to rebut the ineffectiveness claim, if he can. See *Anderson*, supra; see also *Commonwealth v. Johnson*, 298 Pa.Super. 493, 444 A.2d 1291, 1293 (1982).

Accordingly, as to the appellant's claims raised in association with the judgments of sentence imposed at CC Nos. 9014797 and 9100183 (docketed at 1010 and 1202 Pittsburgh, 1991), they are deemed meritless. However, with regard to the claim of ineffectiveness of counsel at CC No. 9015347 (docketed at 1010 Pittsburgh, 1991), the judgment of sentence is vacated and the case is remanded for a hearing.[4]

Judgment of sentence affirmed in part and vacated in part, with directions that the case be remanded for a hearing as more fully set forth herein. Jurisdiction is not retained.

---

4. The present record is inadequate to assess the merits of this claim. Therefore, counsel unassociated with the public defender's office should be appointed to represent the appellant on remand. See *McBee*, supra. If counsel is found not to be ineffective as to CC No. 9015347, the judgment of sentence may be reimposed. See *Irwin*, supra; *Anderson*, supra.