J-S09006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEREL BROOKS | : | |
| | : | |
| Appellant | : | No. 2144 EDA 2020 |

Appeal from the PCRA Order Entered October 6, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009258-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEREL BROOKS | : | |
| | : | |
| Appellant | : | No. 2145 EDA 2020 |

Appeal from the PCRA Order Entered October 6, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009259-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEREL BROOKS | : | |
| | : | |
| Appellant | : | No. 2146 EDA 2020 |

Appeal from the PCRA Order Entered October 6, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009260-2007

J-S09006-22

BEFORE: LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.: FILED JUNE 10, 2022

Jerel Brooks appeals[1] from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After our review, we affirm.

On March 8, 2012, Brooks was convicted by a jury of numerous offenses in connection with the repeated sexual abuse of his paramour's three young daughters.[2] Brooks was convicted, *inter alia*, of involuntary deviate sexual intercourse ("IDSI") with a child under the age of 13.[3] On April 11, 2013, the trial court sentenced Brooks to an aggregate term of 10 to 20 years' incarceration, followed by five years of probation. Of relevance here, Brooks received a sentence of 7 to 14 years' incarceration for IDSI. Brooks appealed to this Court, and we affirmed his judgment of sentence on July 15, 2014.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] This case involves three separate docket numbers, one for each victim. Although Brooks filed three separate notices of appeal in compliance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), his appellate claim is related to only one of the three docket numbers. Upon Brooks' motion, this Court consolidated his three appeals. **See** Order, 6/24/21. **See also** Pa.R.A.P. 513.

[2] The charges involved twin girls, aged seven when the abuse began, and the twins' eight-year-old sister.

[3] 18 Pa.C.S.A. § 3123(b).

- 2 -

***Commonwealth v. Brooks***, 105 A.3d 791 (Pa. Super. 2014) (Table).  Brooks did not seek allowance of appeal with our Supreme Court.

On April 15, 2015, Brooks filed a timely *pro se* PCRA petition, which he amended on February 29, 2016.  The PCRA court appointed counsel, who filed amended petitions on May 14, 2018, and July 9, 2019.  On August 27, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Brooks' petition without a hearing.  The court dismissed Brooks' petition on October 6, 2020.  Brooks filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  He raises the following claim for our review:

> [] PCRA counsel was ineffective for not challenging direct appeal counsel's effectiveness for failing to raise the following sentencing claim on appeal:  Jerel Brooks' 7- to 14-year prison sentence in connection with his IDSI conviction in case number 9259-2007 is premised on 42 Pa.C.S.[A.] § 9718(a)(1)[,] which requires petitioners, like Brooks, to receive a mandatory minimum sentence of 5 to 10 years in prison for certain convictions, including IDSI.  Section 9781(a)(1), though, is unconstitutional as dictated by ***Alleyne v. United States***, 570 U.S. 99 (2013).[4]

Brief of Appellant, at 3.

We begin by noting our standard and scope of review:

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level.  Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence

---

[4] In ***Alleyne***, the United States Supreme Court held that any fact, other than a prior conviction, that triggers a mandatory minimum sentence is an element of the offense that must be found by the fact-finder beyond a reasonable doubt.

of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

*Commonwealth v. Dozier*, 208 A.3d 1101, 1103 (Pa. Super. 2019).

Here, Brooks' PCRA counsel alleges his own ineffectiveness[5] for failing to properly frame Brooks' *Alleyne*-based illegality of sentencing claim. Specifically, in Brooks' second supplemental PCRA petition, counsel argued that the trial court imposed an illegal mandatory minimum sentence for IDSI pursuant to the version of section 9718(a)(1) then in effect, which was subsequently deemed unconstitutional under *Alleyne*. However, because the Pennsylvania Supreme Court held, in *Commonwealth v. Washington*, 142

---

[5] As a general rule, counsel may not assert his own ineffectiveness. *Commonwealth v. Spotz*, 18 A.3d 244, 329 n.52 (Pa. 2011). However, where it is apparent from the record whether relief is due, we need not remand for the appointment of new counsel. *Commonwealth v. McBee*, 520 A.2d 10, 13 (Pa. 1986). We may adjudicate a claim of counsel's own ineffectiveness if "we can make a conclusive determination as to counsel's ineffectiveness from the record." *Commonwealth v. Green*, 709 A.2d 382, 384 (Pa. 1998). Recently, in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), our Supreme Court adopted a procedure whereby "a PCRA petitioner may, after a PCRA court denies relief, and **after obtaining new counsel or acting *pro se***, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id.* at 401 (emphasis added). Although *Bradley* does not contemplate the exact situation present in this matter, in which PCRA counsel raises his own ineffectiveness on collateral appeal, it also does not purport to override *McBee*. Where, as here, PCRA counsel's assertion of his own ineffectiveness "vindicate[s Brooks'] right to effective PCRA counsel," *Bradley*, 261 A.3d at 397, and we are able to make a conclusive determination as to the merits of the ineffectiveness claim from the record, *McBee*, *supra*, we may review the claim.

- 4 -

A.3d 810 (Pa. 2016), that *Alleyne*'s new procedural rule does not apply retroactively to cases on collateral review, a stand-alone *Alleyne* claim would entitle Brooks to no PCRA relief. Rather, in order for the *Alleyne* claim to be cognizable, Brooks was required to couch it in terms of direct appellate counsel's ineffectiveness for failing to challenge the legality of the IDSI sentence on direct appeal.[6] Accordingly, Brooks asserts that PCRA counsel was ineffective for failing to properly present his *Alleyne* claim.

To establish a claim of counsel's ineffectiveness, a petitioner must overcome the presumption that counsel was effective by proving: "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa. Super. 2011) (citation omitted). "The failure to prove any one of the three prongs results in the failure of petitioner's claim." *Id.*

Here, Brooks' underlying claim is that that his IDSI sentence is illegal because the court imposed an unconstitutional mandatory minimum sentence. Specifically, Brooks argues:

---

[6] Brooks' direct appeal was pending when *Alleyne* was decided on June 17, 2013. Accordingly, Brooks would have been entitled to the benefit of its holding. *See Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) ("When a decision of [the U.S. Supreme] Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review.").

> At Brooks'[] sentencing hearing, when the prosecutor referenced the IDSI conviction . . ., she reminded the trial court of [section] 9718(a)(1)'s pre-2007[7] mandatory minimum provision requiring the court to impose a mandatory minimum of at least 5 to 10 years in prison. The trial court adhered to the prosecutor's request and [section] 9718(a)(1)'s pre-2007 mandatory minimum requirement when it imposed a 7- to 14-year prison sentence for the IDSI conviction[.]

Brief of Appellant, at 7. Brooks is entitled to no relief.

Contrary to Brooks' assertion, although the Commonwealth referenced the mandatory minimum at the outset of the sentencing hearing, Brooks was not sentenced in accordance with section 9718(a)(1). Rather, the Commonwealth requested guideline sentences across the board. The following exchange occurred at the conclusion of the Commonwealth's sentencing argument:

> [ASSISTANT DISTRICT ATTORNEY]: So[,] all that Your Honor has left to do is to protect society. And **the guideline sentence for this case, involuntary deviate sexual intercourse**, with nothing else considered, alone **is 72 months to 40 years**.
>
> What I'm asking this Court to do is sentence this defendant to 20 to 40 years['] incarceration.
>
> 14 to 28 years on [the IDSI victim], **which would be a guideline sentence on all charges** to run consecutive.
>
> And then three to six years['] incarceration on the other two victims[, to] run consecutive[ly].
>
> **Again, guideline sentences on all charges**.

* * *

_____

[7] Section 9718(a)(1) was subsequently amended, effective January 1, 2007, to provide for a mandatory minimum sentence of 10 years' incarceration for IDSI.

> THE COURT: Let me be clear, you are asking for what?
>
> [ASSISTANT DISTRICT ATTORNEY]: 20 to 40 years['] incarceration. Your Honor, that would be **a guideline sentence on every charge** to run consecutive.

N.T. Sentencing, 4/11/13, at 59-60 (emphasis added).

The sentence imposed by the court for Brooks' IDSI conviction was a standard guideline sentence of 7 to 14 years.[8] Where a court does not sentence a defendant based on an unconstitutional mandatory sentencing statute, his sentence is not illegal on that ground. ***Commonwealth v. Zeigler***, 112 A.3d 656 (Pa. Super. 2015). ***See also Commonwealth v. Russell***, 209 A.3d 419, 424 (Pa. Super. 2019) (where trial court imposes sentence in accordance with guidelines and does not sentence in accordance with mandatory minimum sentencing scheme, appellant not entitled to relief under ***Alleyne***).

Because Brooks' underlying ***Alleyne*** claim is meritless, PCRA counsel cannot be deemed ineffective for failing to properly frame the issue in terms of direct appellate counsel's ineffectiveness. ***Ousley***, ***supra*** (petitioner must satisfy all three prongs of ineffectiveness test). Accordingly, the PCRA court properly denied relief.

Order affirmed.

---

[8] The guideline range for the offense of IDSI-child under 13, with an offense gravity score of 14, ***see*** 204 Pa.Code § 303.15, and Brooks' prior record score of zero, is 72 months to the statutory limit of 40 years. ***See id.*** at § 303.16(a).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/10/2022