J-A07012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIEL A. SPADY | : | |
| | : | |
| Appellant | : | No. 1522 EDA 2022 |

Appeal from the PCRA Order Entered May 10, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001950-2010,
CP-23-CR-0007802-2012

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.: **FILED APRIL 13, 2023**

Appellant, Nathaniel A. Spady, appeals from the order entered on May 10, 2022, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541-46. After careful review, we affirm.

We derive the following factual and procedural history from the PCRA court opinion and certified record. In mid-2009, during an investigation into suspected child pornography, Delaware County Criminal Investigation Division ("CID") Lieutenant David Peifer seized several computers used by Appellant.[1] A forensic evaluation of the computers, performed by Agent David Buckwash, revealed numerous images of child pornography. Several of the pornographic images featured Appellant's minor cousin ("Victim").

---

[1] Appellant's grandfather owned the computers.

As a result of these findings, in December 2009, CID Detective Robin Clark conducted two recorded interviews of Victim. Victim disclosed that from 2007 through 2009, Appellant raped and sexually abused her on multiple occasions, and took pornographic pictures of her using his cellphone.

In a series of interviews conducted by Lieutenant Peifer and Detective Clark, Appellant admitted that he raped and sexually abused Victim, had taken pornographic pictures of Victim using his cellphone, and had downloaded pornographic pictures of other children from the internet.

The Commonwealth charged Appellant with five counts of Sexual Abuse of Children—Child Pornography ("Possession of Child Pornography"), four counts of Sexual Abuse of Children—Photographing or Depicting on Computer or Filming Sexual Act, two counts each of Rape of a Child, Statutory Sexual Assault, Involuntary Deviate Sexual Intercourse With a Child ("IDSI"), and Indecent Assault, and one count each of Corruption of Minors and Criminal Use of Communication Facility.[2]

Beginning November 30, 2012, the Commonwealth tried Appellant at a jury trial for the above charges. The Commonwealth introduced evidence establishing the above facts, including testimony from Victim, Victim's mother,

---

[2] Appellant turned 18 years old in mid-November 2009. As a result, the Commonwealth initially charged Appellant separately (1) in juvenile court for the acts of sexual misconduct Appellant committed before his 18th birthday, and (2) in the Court of Common Pleas for the acts of sexual misconduct he committed after his 18th birthday. In February 2012, the adult charges resulted in a hung-jury mistrial. Before Appellant's November 2012 retrial, the juvenile court transferred all charges to the Court of Common Pleas, and the trial court granted the Commonwealth's motion to consolidate all charges.

Lieutenant Peifer, Detective Clark, and Agent Buckwash. The Commonwealth also played for the jury and introduced into evidence recordings of the police interviews with Victim and Appellant.

Appellant testified at trial and denied wrongdoing. He also presented testimony from his fiancé, grandfather, grandmother, and mother. Appellant's fiancé testified, *inter alia*, that Appellant had a "very good" reputation in the community for being "a law abiding and non-violent person."[3]

On December 6, 2012, at the conclusion of trial, the jury convicted Appellant of the above charges. On October 1, 2013, the trial court sentenced Appellant to 12-24 years' incarceration.[4]

On August 25, 2015, this Court affirmed Appellant's convictions but remanded for resentencing. **Commonwealth v. Spady**, No. 3090 EDA 2013 (Pa. Super. filed Aug. 25, 2015). In doing so, we concluded, *inter alia*, that the Commonwealth presented sufficient evidence to convict Appellant of each charge. **Id.** On May 17, 2017, our Supreme Court denied the Commonwealth's petition for allowance of appeal. **Commonwealth v. Spady**, 169 A.3d 533 (Pa. filed May 17, 2017). On November 2, 2017, the trial court resentenced Appellant to 10 to 20 years' incarceration.

_____

[3] N.T. Trial, 12/5/12, Vol. I at page 61.

[4] The trial court had initially sentenced Appellant on May 8, 2013, to 14-28 years' incarceration. On October 1, 2013, the court granted Appellant's request for resentencing and imposed the 12-24-year sentence.

On July 10, 2018, Appellant *pro se* filed the instant PCRA Petition, his first. The PCRA court appointed counsel who, on February 10, 2021, filed an amended petition.[5]

The PCRA court held a hearing on December 9, 2021. On May 9, 2022, the court issued an order dismissing Appellant's petition as meritless. Appellant timely filed a Notice of Appeal. On June 20, 2022, after conducting a ***Grazier***[6] hearing, the court permitted Appellant to proceed *pro se* on appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review, which we have reordered and organized for ease of analysis:

> 1. Did PCRA counsel render ineffective assistance?
>
> 2. Was trial counsel ineffective for failing to "request severance of the [Child Pornography] charges[?]"
>
> 3. Was trial counsel ineffective for failing to "contact, interview and present Mr. Mar[k] Medley, the victims father, as a character witness at trial to introduce evidence of appellant's peaceful character, and also to support the only other character evidence at trial?"

Appellant's Br. at 6.

## A.

When reviewing an order dismissing a PCRA Petition, we must determine if the record supports the order and whether the order is free of legal error.

---

[5] In the several years between Appellant's initial filing and counsel's amended filing, the PCRA court granted a series of motions for extension of time filed by Appellant's counsel.

[6] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

- 4 -

*Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013). We will not disturb the PCRA court's findings unless the findings lack support in the record. *Id.* at 192.

Appellant raises multiple claims of trial and PCRA counsel ineffectiveness. To obtain relief under the PCRA premised on a claim that counsel was ineffective, the petitioner must establish that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* The petitioner must demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. *Id.* at 533.

To establish the prejudice prong, the petitioner must prove a reasonable probability that the outcome of the relevant proceedings would have been different but-for counsel's action or inaction. *Commonwealth v. Busanet*, 54 A.3d 35, 46 (Pa. 2012). Importantly, the "[f]ailure to raise a meritless issue is not ineffective assistance of counsel." *Commonwealth v. McBee*, 520 A.2d 10, 14 (Pa. 1986).

**B.**

In his first issue, Appellant alleges the ineffective assistance of PCRA counsel for the first time on appeal pursuant to *Commonwealth v. Bradley*,

261 A.3d 381 (Pa. 2021). Before considering the merits of Appellant's claim, we must address the Commonwealth's assertion that Appellant waived the issue because he did not challenge PCRA counsel's effectiveness in his *pro se* Rule 1925(b) statement. **See** Commonwealth's Br. at 16-18. After careful review, we are constrained to agree with the Commonwealth that this issue is waived.

In **Bradley**, our Supreme Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness **at the first opportunity to do so**, even if on appeal." 261 A.3d at 401 (emphasis added). Our Supreme Court subsequently emphasized the importance of raising a claim of PCRA counsel's ineffectiveness in the Rule 1925(b) statement if that filing is the petitioner's first opportunity to do so. **See Commonwealth v. Parrish**, 273 A.3d 989, 1002 (Pa. 2022) ("Parrish adequately raised and preserved his layered claim of the ineffective assistance of trial and initial PCRA counsel by raising it at the first opportunity to do so, specifically in his Corrected 1925(b) Statement and in his brief filed with this Court in this appeal.").

This Court has, in several subsequent decisions, found waiver where the appellant failed to raise a claim of PCRA counsel ineffectiveness in the Rule 1925(b) statement when the statement was the first opportunity to do so. **See**, **e.g.**, **Commonwealth v. Womack**, Nos. 2090, 2091, 2092 EDA 2020, 2022 WL 17099016 at *2-3 (Pa. Super. filed Nov. 22, 2022) (non-precedential decision) (finding waiver where appellant failed to raise PCRA counsel

- 6 -

ineffectiveness at first opportunity in Rule 1925(b) statement); **Commonwealth v. Alston**, No. 1171 MDA 2021, 2022 WL 1658068 at *7 (Pa. Super. filed May 25, 2022) (non-precedential decision) (same).

Here, our review of the record confirms that Appellant did not raise PCRA counsel's ineffectiveness at the first opportunity to do so, in his *pro se* Rule 1925(b) Statement. As a result, he has waived his claim of PCRA counsel ineffectiveness on appeal.

## C.

In his second issue, Appellant claims that his trial counsel was ineffective for failing to request pretrial severance of the child pornography charges related to children other than Victim.[7] Appellant's Br. at 11-38. After careful review, we conclude that because a request to sever the charges would have been meritless, this claim fails.

Where, as here, the Commonwealth has charged multiple offenses in the same information,[8] "[t]he court may order separate trials of offenses . . . if it appears that any party may be prejudiced by offenses . . . being tried

---

[7] Appellant also alleges that his trial counsel was ineffective for failing to object to the pretrial consolidation of his two underlying dockets. Appellant's Br. at 25-38. His argument, however, is simply a reiteration of the argument that counsel was ineffective for failing to seek severance. **See, e.g.**, **id.** at 25 (arguing that "in this case, the correct procedure was severing the [Child Pornography] of other children from the sexual assault offenses").

[8] At Docket 7802-2012, the Commonwealth charged Appellant with, *inter alia*, Possession of Child Pornography of Victim and Possession of Child Pornography of other minors. **See** Information, filed 11/29/12. The Commonwealth appropriately charged these offenses in the same information pursuant to Pa.R.Crim.P. 563(A)(2).

together." Pa.R.Crim.P. 583. Prejudice, in the context of severance, is "that which would occur if the evidence tended to convict the appellant only by showing his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence." **Commonwealth v. Ferguson**, 107 A.3d 206, 210 (Pa. Super. 2015) (citations omitted).

The PCRA court denied Appellant's claim as meritless. It reasoned that "[t]he matters were not complex and could easily be separated by the jury" and, thus, "it would have been futile for trial counsel to seek severance[.]" PCRA Ct. Op., 8/2/22, at 7.

After careful review, we agree. Evidence that Appellant possessed pornographic images of other children was easily separable from evidence that he raped, sexually abused, and possessed pornographic images of Victim. Moreover, the Commonwealth adduced sufficient and overwhelming evidence to convict Appellant of each charge. **Spady**, No. 3090 EDA 2013. That evidence included Appellant's admission to police that he raped and sexually abused Victim, took pornographic pictures of Victim using his cellphone, and downloaded pornographic pictures of other children from the internet. **See** N.T. Trial, 12/4/12, at 59, 73. There is, thus, no indication in the record that the jury convicted Appellant based on his propensity to commit crimes.

As a result of the above, we agree with the PCRA court that a request to sever the charges of Possession of Child Pornography related to children

other than Victim would have been meritless. Since counsel cannot be found ineffective for failing to raise a meritless issue, this claim fails.

### D.

In his final issue, Appellant argues that his trial counsel was ineffective for failing to present character testimony from Mark Medley, Victim's father, at trial. Appellant's Br. at 39-52. Medley testified at Appellant's PCRA hearing that he was available and would have testified to Appellant's "good reputation" among his family for being peaceful and law-abiding. N.T. Hr'g, 7/11/13, at 207, 209.[9, 10] Appellant alleges that trial counsel had no reasonable basis for failing to present Medley's testimony, and that the failure caused him to suffer prejudice. Appellant's Br. at 39-52.

To establish counsel ineffectiveness for the failure to call a character witness, the petitioner must prove, *inter alia*, that "the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." **Commonwealth v. Treiber**, 121 A.3d 435, 463-64 (Pa. 2015).

In the instant case, the PCRA court found that counsel's failure to call Medley to testify at trial did not cause Appellant to suffer sufficient prejudice to warrant relief. PCRA Ct. Op. at 10. It explained that Medley's proposed

---

[9] At the December 9, 2021 PCRA hearing, the PCRA court accepted the notes of testimony of the July 11, 2013 hearing as evidence.

[10] Medley testified as a character witness on Appellant's behalf at the February 2012 mistrial. N.T. Trial, 2/2/12, at 236-247. When asked to choose whether Appellant had a "bad reputation, a good reputation or an excellent reputation" among his family members for being peaceful and law-abiding, Medley testified: "He had a good reputation." **Id.** at 243.

- 9 -

testimony was "short" and "merely . . . that Appellant had a 'good' reputation in the community." *Id.* The community was "limited to Appellant's own family members" and, thus, the testimony was "not so strong that it could have made a major difference in [the jury's] decision." *Id.*

The record supports the PCRA court's determination. While we are mindful that Medley is the father of Victim, his testimony that Appellant had a "good" reputation within his family for being peaceful and law-abiding would not have overcome the Commonwealth's significant evidence of Appellant's guilt. Moreover, Appellant's fiancé testified at trial that he had a "very good" reputation in the community for being "a law abiding and non-violent person." N.T. Trial, 12/5/12, Vol. I at page 61. Therefore, Medley's testimony would have been cumulative of the character evidence already presented. The absence of Medley's testimony was, thus, not so prejudicial as to have denied Appellant a fair trial. As a result, this claim fails.

**E.**

In summation, we conclude that Appellant waived his allegations of ineffective assistance of PCRA counsel, and his claims of trial counsel ineffectiveness are meritless. As a result, we affirm the PCRA court's order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2023