J-A01012-25 & J-A01013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHANE DEANGELO WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1642 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 15, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002752-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHANE DEANGELO WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1643 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 15, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003459-2019

BEFORE: DUBOW, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.: **FILED FEBRUARY 12, 2025**

Appellant, Shane Williams, appeals from the May 15, 2024 violation of probation ("VOP") sentences imposed in the Montgomery County Court of Common Pleas. He challenges the discretionary aspects of his VOP sentences. After careful review, we affirm.

The relevant factual and procedural history is as follows. Police charged Appellant with Forgery and related offenses at two separate dockets based on

his possession of counterfeit $100 dollar bills and an agreement to use them at two different Wawa locations. On December 9, 2019, Appellant pleaded guilty at docket number CP-46-CR-0003459-2019 to one count of Conspiracy to Commit Forgery, and at docket number CP-46-CR-0002752-2019 to one count of Possession of Instruments of Crime.[1] The court imposed concurrent sentences of 3 years' probation in each case.

On July 22, 2021, the Montgomery County court issued a bench warrant because Appellant failed to report and absconded from probation. Three years later, on April 30, 2024, Appellant surrendered himself. The Montgomery County probation department issued Notices of Violation of Probation charging him with multiple violations in each case.

On May 15, 2024, Appellant proceeded to a *Gagnon* I hearing on both cases, at which he stipulated that he absconded from probation and that he was convicted in Virginia for providing a fraudulent urine sample. Following a written and verbal colloquy, the hearing officer determined that Appellant knowingly, intelligently, and voluntarily stipulated to the probation violations. The parties proceeded immediately to a *Gagnon* II hearing before a hearing officer. Appellant testified that he has no new cases, "is a family man and is not violent[,]" and that he surrendered because he "wanted to take accountability for his actions[.]" Trial Ct. Op., 8/6/24, at 5. Appellant sought a sentence of time served to 12 months' incarceration because these were his

_____

[1] 18 Pa.C.S. §§ 903(a) and 907(a), respectively.

first probation violations. The Commonwealth, on the other hand, sought a sentence of 3 to 12 months of incarceration because Appellant's violations indicated that probation was ineffective. The probation department noted that Appellant had allegedly been involved in a violent altercation while incarcerated.

The hearing officer recommended a sentence at each case of 3 to 12 months' incarceration with credit for time served from April 30 through May 15, 2024, followed by 2 years of probation, to run concurrently. On May 15, 2024, the VOP court revoked Appellant's probation, accepted the hearing officer's recommendation, and sentenced Appellant to concurrent terms of 3 to 12 months' incarceration followed by 2 years of probation. Appellant did not file any post-sentence motions.

Appellant filed timely notices of appeal at each case. Both he and the trial court complied with Pa.R.A.P. 1925. Appellant raised the same issue in both Rule 1925(b) Statements of Error, and the court addressed both cases in the same Rule 1925(a) Opinion. Accordingly, we consolidate the appeals to address Appellant's claims together.

Appellant raises the following issue:

Whether Appellant's sentence was unduly harsh, excessive, unreasonable, an abuse of discretion and contrary to the fundamental norms of the sentencing guidelines where the Trial Court failed to adequately consider the Appellant's age, his marital status, that he and his wife were expecting a child, that him [*sic*] turned himself in and had remained arrest free during his three[-]year period of absconding.

Appellant's Br. at 5.[2]

Appellant challenges the discretionary aspects of his VOP sentences. Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); **Commonwealth v. Tuladziecki**, 522 A.2d 17, 18 (Pa. 1987). To obtain our review, an appellant must (1) preserve the issue at sentencing or in a post-sentence motion; (2) file a timely notice of appeal; (3) include a concise statement of the reasons relied on for appeal pursuant to Pa.R.A.P. 2119(f); and (4) raise a "substantial question that the sentence is appropriate under the [S]entencing [C]ode." **Commonwealth v. Carrillo-Diaz**, 64 A.3d 722, 725 (Pa. Super. 2013) (citation omitted).

Here, Appellant filed a timely notice of appeal and included a Rule 2119(f) Statement in his briefs. Appellant's Br. at 8-11. However, as he concedes, he did not file a post-sentence motion in either case or raise his claims at sentencing. **Id.** at 11. Thus, Appellant failed to preserve his challenges to the discretionary aspects of his sentences. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (holding that appellant waived challenge to discretionary aspects of his VOP sentence by failing to preserve it in a post-sentence motion or at sentencing).

_____

[2] Appellant filed identical briefs at both cases, except that his brief at Docket No. 1643 EDA 2024 appears to be missing page 13.

Appellant, nonetheless, asks this Court to review his unpreserved challenged because trial counsel was ineffective for failing to preserve the issue at sentencing or in a post-sentence motion and contends that because that ineffectiveness is apparent from the record, we may address the merits of the discretionary aspects of sentence issue. *See* Appellant's Br. at 11, citing *Commonwealth v. McBee*, 520 A.2d 10 (Pa. 1986)). Appellant's reliance on *McBee* is misplaced.

In *McBee*, the Supreme Court held that "[w]hen appellate counsel asserts a claim of his or her own ineffective assistance of counsel on direct appeal, the case should be remanded for the appointment of new counsel *except* (1) where, it is clear from the record that counsel was ineffective or (2) where it is clear from the record that the ineffectiveness claim is meritless." 520 A.2d at 13.

Here, Appellant has not raised an ineffectiveness claim—he has only challenged the discretionary aspects of his sentence. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Thus, *McBee* is inapposite, and Appellant's argument provides no relief.

Because Appellant did not preserve his challenge to the discretionary aspects of his sentence at sentencing or in a post-sentence motion, he has failed to invoke this Court's jurisdiction.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2025